925 F.2d 120
 UNITED STATES of America, Plaintiff-Appellee,
v.
CLINICAL LEASING SERVICE, INC. d/b/a Delta Women's Clinic,
Inc. and Delta Women's Clinic, Delta Women's Clinic, Inc.,
Kiat Varnishung, M.D., Roy Claude Wood, Jr., M.D.,
Richardson B. Glidden, M.D., Defendant-Appellants.
 No. 90-3251
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 March 1, 1991.
 
 Lawrence Blake Jones, David C. Whitmore, Scheuermann and Jones, New Orleans, La., for Delta Women's Clinic, Inc., et al.
 William F. Wessel, Victoria L. Bartels, Charlotte A. Lagarde, Wessel, Bartles & Ciaccio, New Orleans, La., for Dr. Varnishung.
 Charles Cotton, New Orleans, La., for Clinical Leasing.
 Thomas Landers Watson, Nancy Ann Nungesser, Asst. U.S. Atty's., John P. Volz, U.S. Atty., New Orleans, La., for U.S.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before JOHNSON, SMITH and WIENER, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 Clinical Leasing Service, Inc., and three affiliated doctors, Kiat Varnishung, Roy Claude Wood, Jr., and Richardson B. Glidden, challenge the district court's imposition of civil penalties for the dispensation of controlled substances without proper registration. Among other arguments, the defendants allege that the federal statutory registration requirements are unconstitutionally vague. Unable to conclude that the defendants' arguments have merit, this Court affirms the judgment of the district court.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 In the late summer of 1988, the Drug Enforcement Administration ("DEA") received information that physicians associated with the Delta Women's Clinic in New Orleans, Louisiana, were distributing controlled substances. Because no physician or other individual was registered to dispense controlled substances from this facility, the DEA sent an investigator to the clinic. The investigator toured the clinic and observed that several controlled substances, including the potentially toxic drugs centrax and hydrocodone, were stored on the premises. She noted that some of these controlled substances were packaged in stapled, unmarked envelopes. The investigator provided clinic officials with copies of the federal regulations regarding the proper dispensation of controlled substances and warned them that the clinic could not administer or distribute such substances until a physician received a separate registration on the premises.
 
 
 3
 In the eight months after the initial inspection of the Delta Women's Clinic, the DEA processed two applications for registration on the clinic premises. Both of these applications, one filed by Dr. Kiat Varnishung and the other filed by Dr. Roy Claude Wood, Jr., were approved in the spring of 1989. Shortly thereafter, however, another DEA investigator procured an Administrative Inspection Warrant[1] on the premises of the Delta Women's Clinic. This investigator discovered a number of patient files which revealed that physicians had distributed controlled substances at the clinic between the date of the initial inspection and the date that the DEA approved the registration of Dr. Vanishung and Dr. Wood.
 
 
 4
 On July 11, 1990, after a series of investigations of the pharmaceutical procedures at the Delta Women's Clinic, the Government filed this action against the operator of the clinic and the three physicians who had illegally distributed the controlled substances. The district court granted the Government a partial summary judgment on liability issues. After a short trial, the district court imposed a fine of $337,000 against Clinical Leasing Service and fines of $134,000, $118,000 and $26,000 against Dr. Varnishung, Dr. Wood and Dr. Glidden, respectively.
 
 
 5
 This Court finds that the "judgment of the District Court is based on findings of fact which are not clearly erroneous" and, therefore, affirms its decision. Loc.R. 47.6. We write, however, to explain our rejection of the defendants' complaint that the federal statutory registration requirements are unconstitutionally vague.II. DISCUSSION
 
 
 6
 Federal law requires a separate registration at each "principal place of business or professional practice where the applicant manufactures, distributes, or dispenses controlled substances." 21 U.S.C. Sec. 822(e) (1988). Any party who distributes or authorizes the distribution of controlled substances without adequate registration is subject to civil penalties. Id. Sec. 842(a)(2). A regulation of the DEA specifically describes those locations in which separate registration is required. 21 C.F.R. Sec. 1301.23 (1990). Section 1301.23 provides, in pertinent part:
 
 
 7
 (a) A separate registration is required for each principal place of business or professional practice at one general physical location where controlled substances are manufactured, distributed, or dispensed by a person.
 
 
 8
 (b) The following locations shall be deemed not to be places where controlled substances are manufactured, distributed, or dispensed:
 
 
 9
 . . . . .
 
 
 10
 (3) An office used by a practitioner (who is registered at another location) where controlled substances are prescribed but neither administered nor otherwise dispensed as a regular part of the professional practice of the practitioner at such office, and where no supplies of controlled substances are maintained.
 
 
 11
 Id. (emphasis added). It is evident from the plain language of section 1301.23 that a physician must be separately registered at each physical location in which he administers controlled substances as a regular part of his professional practice.
 
 
 12
 The defendants argue, however, that the term "each principal place of business" is unconstitutionally vague. They maintain that the term suggests to an unwary practitioner that he need only register at his primary place of business and not necessarily every place of business. The void for vagueness doctrine requires that a statute define a criminal or quasi-criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). The statute in question authorizes civil penalties, but its prohibitory effect is quasi-criminal and warrants a relatively strict test: the reviewing court will sustain the challenge "if the enactment is impermissibly vague in all of its applications." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982).[2] See Home Depot, Inc. v. Guste, 773 F.2d 616, 627-28 (5th Cir.1985); Ferguson v. Estelle, 718 F.2d 730, 732 n. 3 (5th Cir.1983).
 
 
 13
 We do not apply the vagueness standard mechanically; a variety of factors may affect the determination whether a statute passes constitutional muster. The nature of the enactment, for instance, is a significant factor. Economic regulations in particular, including licensing or registration requirements, are afforded considerable deference in the vagueness analysis because the regulated party may "have the ability to clarify the meaning of the regulation[s] by its own inquiry, or by resort to an administrative process." Village of Hoffman Estates, 455 U.S. at 498, 102 S.Ct. at 1193. An additional persuasive factor is the degree of notice to the complainant that his conduct is proscribed. The courts are ill disposed to entertain the vagueness challenges of a party who had ample warning that his actions violated statutory requirements. Id. at 502, 102 S.Ct. at 1195.
 
 
 14
 While the term "each principal place of business" may engender some limited amount of confusion, we conclude that the term is not unconstitutionally vague. A principal meaning of the word "principal" is "important [or] consequential." Webster's New Collegiate Dictionary 908 (1979). A physician of ordinary means and intelligence would understand that the federal registration provisions apply to each important or consequential place of business where the physician distributes controlled substances. It is sufficiently clear that the application of the provisions is not limited to a single important or consequential place of business where controlled substances are distributed.
 
 
 15
 Clinical Leasing Service and its affiliated physicians have little right to argue now that they were misled by the "ambiguous" language of the federal registration provisions. DEA investigators explicitly warned the defendants that distribution of controlled substances was prohibited unless a physician was registered on the Delta Women's Clinic premises. Despite these warnings, illegal distribution of controlled substances continued unabated. It is the height of hypocrisy that the defendants, after being warned that the statutory provisions precisely governed their actions, now complain that the provisions are void for vagueness. This Court concludes that 21 U.S.C. Secs. 822(e) & 842(a)(2) and their attendant federal regulations are not unconstitutionally vague.[3]
 
 III. CONCLUSION
 
 16
 This Court is unable to discern that the district court committed reversible error. The judgment of the district court is affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 See 21 U.S.C. Sec. 880 (1988)
 
 
 [2]
 The Government does not dispute that the federal statute implicated in this case authorizes fines which, although civil in description, are penal in character. See Village of Hoffman Estates, 455 U.S. at 499 & n. 16, 102 S.Ct. at 1194 & n. 16. Accordingly, we do not employ the less exacting standard of review of civil statutes. A civil statute is unconstitutionally vague only if it commands compliance in terms "so vague and indefinite as really to be no rule or standard at all," A.B. Small Co. v. American Sugar Refining Co., 267 U.S. 233, 239, 45 S.Ct. 295, 297, 69 L.Ed. 589 (1925), or if it is "substantially incomprehensible." Exxon Corp. v. Busbee, 644 F.2d 1030, 1033 (5th Cir.1981), cert. denied, 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239 (1982). See Jones v. City of Lubbock, 727 F.2d 364, 373 (5th Cir.1984)
 
 
 [3]
 The defendants complain that assorted other provisions of the Controlled Substances Act relative to recordkeeping and the improper use of prescriptions also are unconstitutionally vague. See 21 U.S.C. Secs. 842(a)(1) & (5), 829. For the same reasons expressed herein, we disagree