UNITED STATES of America,
Plaintiff–Appellee,

v.

CLINICAL LEASING SERVICE, INC.
d/b/a Delta Women's Clinic, Inc. and
Delta Women's Clinic, Delta Women's
Clinic, Inc., Kiat Varnishung, M.D.,
Roy Claude Wood, Jr., M.D., Richardson B. Glidden, M.D., Defendant–Appellants.

No. 90–3251
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 17, 1991.

Lawrence Blake Jones, David C. Whitmore, Scheuermann and Jones, New Orleans, La., for Delta et al.

William F. Wessel, Victoria L. Bartels, Charlotte A. Lagarde, Wessel, Bartles & Ciaccio, New Orleans, La., for Dr. Varnishung.

Charles Cotton, Thomas Landers Watson, Nancy Ann Nungesser, Asst. U.S. Attys., Harry Rosenberg, U.S. Atty., New Orleans, La., for Clinical Leasing.

ON SUGGESTIONS FOR
REHEARING EN BANC

Before JOHNSON, SMITH and
WIENER, Circuit Judges.

JOHNSON, Circuit Judge:

Clinical Leasing Service, Inc., and three affiliated doctors, Kiat Varnishung, Roy Claude Wood, Jr., and Richardson B. Glidden, appeal the district court's imposition of civil penalties for the dispensation of controlled substances without proper registration. On March 1, 1991, this Court ruled that the judgment of the district court was based upon findings of fact which were not clearly erroneous and, therefore, affirmed under Local Rule 47.6 the district court's decision. *United States v. Clinical Leasing Service, Inc.*, 925 F.2d 120 (5th Cir. 1991). The defendants have subsequently filed petitions for rehearing en banc. While we are persuaded that the defendants' petition does not change the original disposition of their appeal, we find it necessary to clarify our original opinion.

Any party who distributes or authorizes the distribution of controlled substances without adequate registration is subject to civil penalties. 21 U.S.C. § 842(a)(1) (1988).[1] Federal law requires a separate registration at each "principal place of business or professional practice where the applicant manufactures, distributes, or dispenses controlled substances." *Id.* § 822(e) (1988). A regulation of the DEA specifically describes those locations in which separate registration is required. 21 C.F.R. § 1301.23 (1990). Section 1301.23 provides, in pertinent part:

> (a) A separate registration is required for *each* principal place of business or professional practice at one general physical location where controlled substances are manufactured, distributed, or dispensed by a person.
>
> (b) The following locations shall be deemed not to be places where controlled substances are manufactured, distributed, or dispensed:
>
> .    .    .    .    .
>
> (3) An office used by a practitioner (who is registered at another location) where controlled substances are prescribed but neither administered nor otherwise dispensed as a regular part of the professional practice of the practitioner at such office, and where no supplies of controlled substances are maintained.

*Id.* (emphasis added). This Court in its original opinion concluded that these federal registration provisions are not unconstitutionally vague. *Clinical Leasing Service, Inc.*, 925 F.2d at 123.

▮▮▮▮ In their petitions for rehearing, the defendants argue that this Court did not properly analyze the federal registration provisions. Isolating a particular paragraph in the original opinion, the defendants emphasize this Court's conclusion that the federal registration provisions apply to "*each* important or consequential place of business where the physician distributes controlled substances." *Id.* (citing Webster's New Collegiate Dictionary 908 (1979)) (emphasis in original). The defendants contend that, even under the Court's interpretation, the federal registration provisions are unconstitutionally vague because they do not provide standards that determine whether a place of business is "important" or "consequential."

The defendants' argument lacks merit. Every statute, whether civil or criminal, raises questions of interpretation. The fact that a statute fails to define its precise boundaries in every conceivable situation does not invalidate the statute. This Court will sustain a vagueness challenge *only* if the federal registration provisions are impermissibly vague in *all* of their applications. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). As we noted in our original opinion, the registration provisions require that a physician register separately "at each physical location in which he administers controlled substances as a regular part of his professional practice." *Clinical Leasing Service, Inc.*, 925 F.2d at 122. If a physician intends to dispense controlled substances from a particular location several times a week or month, he must first file a separate registration for the location. This aspect of the registration provisions is beyond cavil. Since the registration provi-

---

1. Dr. Varnishung contends that 21 U.S.C. § 842(a)(2), the penalty provision under which he was punished, does not apply to his conduct. He maintains that this section "speaks only to registrants, who, by virtue of their registration, are already authorized to distribute or dispense drugs" and does not prohibit the distribution of controlled substances by an unregistered physician. We agree. Section 842(a)(1), and not section 842(a)(2), is the appropriate penalty provision for the unlicensed dispensation or distribution of controlled substances. *United States v. Moore*, 423 U.S. 122, 134 n. 11, 96 S.Ct. 335, 341 n. 11, 46 L.Ed.2d 333 (1975); *United States*

*v. Fooladi*, 746 F.2d 1027, 1032 (5th Cir.1984). Nonetheless, we do not find that this error requires reversal. Dr. Varnishung presented this issue for the first time in his reply brief. "In the absence of manifest injustice, this court will not consider arguments belatedly raised after appellees have filed their brief." *Najarro v. First Federal Savings and Loan*, 918 F.2d 513, 516 (5th Cir.1990). Dr. Varnishung's conduct, although it did not support punishment under section 842(a)(2), supports punishment under section 842(a)(1). The punishment of illegal conduct under the wrong statutory penalty provision is not manifest injustice.

sions are not impermissibly vague in this particular application, they are not unconstitutional.

Perhaps in some cases it may be unclear whether a physician is subject to the registration provisions.[2] This is not such a case. The defendants in this case, without question, have administered controlled substances at the Delta Women's Clinic as a regular part of their professional practice. Dr. Varnishung admitted that, during the period of the allegations contained in the complaint, he worked approximately eight hours a week at the clinic. Dr. Glidden conceded in his deposition that, in three of the last four years, he earned between $8000 and $11,000 a year from procedures he performed in the Delta Women's Clinic. Dr. Wood, like the other defendants, frequently dispensed controlled substances at the clinic. The district court concluded, and we agree, that the defendants "regularly engage[d] in the dispensing or administering of controlled substances" at the clinic.

Treating the suggestions for rehearing en banc as petitions for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestions for Rehearing En Banc are DENIED.

---

**2.** Admittedly, in many cases, the facts will not clearly demonstrate whether a physician performed proscribed actions as a "regular part of his professional practice." 21 C.F.R. § 1301.23. This, however, is a classic question of fact for a factfinder and does not alter the vagueness analysis. The term "regular part of his professional practice" is sufficiently definite that an ordinary physician would understand what conduct was covered. *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).