OPINION
Defendant-appellant John Amos appeals from his conviction and sentence, following a no-contest plea, on one count of Possession of Cocaine. Amos contends that the trial court erred by denying his motion to suppress. Amos argues that although there was a warrant for the search that led to the discovery of the evidence against him, the facts averred in the affidavit upon which that warrant was based do not rise to the level of probable cause. He specifically challenges the provision in the search warrant authorizing searching the person of any persons found at the specified address.
We conclude, based on the totality of the averments set forth in the affidavit upon which the search warrant was based, that there was probable cause to believe that any persons found within the premises specified in the warrant would have contraband on or about their persons. Accordingly, the judgment of the trial court is Affirmed.
 I
The affidavit upon which the search warrant in this case was based is appended. In it, Dayton police detective Bradley Barnett avers that he received information from a confidential informant that illegal drugs were being sold out of the "lower left unit" of an apartment building located at 1430 N. James H. McGee Blvd. The informant described two of the drug dealers. Barnett arranged three controlled purchases of marijuana from dealers within those premises. The first controlled purchase occurred on January 9, 2001. The confidential informant making the purchase was known to Barnett, had provided Barnett with information in the past that had proven to be reliable, that had resulted in the issuance of past search warrants, and that had resulted in the recovery of drugs and weapons.
The second controlled purchase, again of marijuana, occurred on January 12, 2001. During this transaction, the informant observed several other persons within the apartment. From the informant's observations, the informant concluded that the apartment was being used only as a place to sell drugs, not as a place of living. Again, the confidential informant was known to Barnett, and had provided him with information in the past that had proven to be reliable, that had resulted in the issuance of past search warrants, and that had resulted in the recovery of drugs and weapons.
The third controlled purchase occurred on January 30, 2001. Again, this was a purchase of marijuana. One confidential informant had told the police that one of the sellers in the premises was named "Casey." Detective Barnett verified that a car parked outside the premises was registered to Donald Casey. Barnett obtained a photograph of Donald Casey and showed it to the informant, who identified the photograph as being of the seller named "Casey" inside the premises.
Based upon this information, Barnett prepared an affidavit, and presented it to a judge of the Dayton Municipal Court, who issued a search warrant on February 1, 2001. The warrant authorized the police to search for, among other things, marijuana and any other controlled substances or related drug paraphernalia. The warrant authorized the police to search for these items at 1430 N. James H. McGee Blvd., (Lower Left Unit) Dayton, Ohio 45407 and upon the following persons:
 "1. Black Male, 37-42 yoa, 5'11"-6'0" tall, 210-225 pounds, dark complected, short dark afro, and had a mustache.
 "2. John Cartwright, BM/50-56 yoa, 5'07"-5'08" tall, 165-175 pounds, light complected, medium length afro, thin mustache.
 "3. Black Male, 28-30 yoa, 5'10"-5'11" tall, 185-200 pounds, light beard, light complected.
 "4. Black Male, 28-30 yoa, 5'10"-5'11" tall, 185-200 pounds, light complected, and had a light beard.
 "5. Any person found inside of 1430 N. James H. McGee Blvd. (Lower Left Unit)."
This warrant was executed on February 2, 2001, at about 7:30 p.m. Upon entering the residence, the police observed money and contraband "lying all over the place." Six individuals, including Amos, were observed and detained. The search of Amos recovered a velvet crown Royal bag from his front jeans pocket, inside which were two plastic baggies of cocaine. Also recovered from Amos' pockets were a large quantity of cash and the front door key to the residence.
Amos moved to suppress the evidence, contending that it was obtained as the result of an unlawful search. Following a hearing, the trial court overruled the motion. Thereafter, Amos pled no contest, was found guilty, and was sentenced accordingly. From his conviction and sentence, Amos appeals.
 II
Amos' sole assignment of error is as follows:
 "THE TRIAL COURT SHOULD HAVE SUSTAINED THE MOTION TO SUPPRESS BECAUSE THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT FAILED TO PROVIDE PROBABLE CAUSE TO SEARCH `ANY PERSON' FOUND IN THE RESIDENCE, AND BECAUSE THE `ANY PERSON' LANGUAGE IN THE WARRANT WAS OVERLY BROAD."
In an opinion cited by both Amos and the State, a provision in a search warrant authorizing the search of all persons found within a particular apartment has been deemed to be sufficiently particular, so long as probable cause exists. State v. Kinney (1998), 83 Ohio St.3d 85, at 91, 1998-Ohio-415. The issue is whether the search warrant authorizing the searching of the person of all persons found within the particular apartment unit in this case is supported by probable cause.
As in Kinney, supra, the magistrate in the case before us "could sensibly infer that the residence was of modest size from information within the affidavit." Id., at 93. The small, private nature of the premises lends support to a determination of probable cause. Id.
In Kinney, supra, as in the case before us, there was nothing in the affidavit expressly indicating whether any person apparently unconnected with the illegal activity had been seen at the premises. Id., at 95-96. In the absence of anything in the affidavit expressly bearing upon this question, the matter is left to reasonable, common-sense inferences. From the information in the affidavit, it is reasonable to infer that the apartment unit in this case was being used primarily, if not exclusively, for the sale of illegal drugs. This made it more likely that persons present would be involved, directly or indirectly, in the illegal activity. Based upon the totality of circumstances presented in the affidavit, we conclude that the magistrate issuing the search warrant could reasonably infer that persons found within the premises were not likely to be innocent parties who happened to be present, but were instead likely to have some degree of involvement in the illegal activity taking place within. Thus, there was probable cause to search the persons of all people found within the premises, and the warrant was based upon probable cause. Accordingly, Amos' sole assignment of error is overruled.
 III
Amos' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.