United States Court of Appeals,

Fifth Circuit.

No. 91–8611

Summary Calendar.

ELFIDA CHAVEZ, Individually and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

THE HOUSING AUTHORITY OF THE CITY OF EL PASO, et al., Defendants–Appellees.

Oct. 1, 1992.

Appeal from the United States District Court for the Western District of Texas.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this appeal we determine whether the El Paso Housing Authority ("EPHA") violated the constitutional rights of the Elfida Chavez when it decided to evict her based on the actions of her son Efrain "Frank" Chavez. Having concluded that the EPHA did not violate Chavez's rights, we affirm the district court's decision.

I

Chavez lives in public housing managed by El Paso Housing Authority ("EPHA"). Efrain "Frank" Chavez is her twenty-two year old son who lived with her at least until some time in 1989. In 1989, Chavez removed her son Frank from the list of household residents on the lease. She renewed the lease in May of 1990. In August, the EPHA sent Chavez notice that it intended to terminate her lease and evict her for violation of paragraph seven of her lease. The EPHA contends that Frank was Chavez's guest and that he committed acts of violence on the premises in violation of the lease. The EPHA held a formal administrative hearing in February to review the proposed eviction. The hearing officer recommended eviction and the EPHA gave Chavez another 30–day notice. Chavez filed her complaint in this case in April of 1990. Since Chavez still had not moved out by May of 1991, the EPHA filed a complaint for forcible detainer in county court.

## II

On April 25, 1991, Elfida Chavez brought a class action suit against the EPHA, alleging that its policy of evicting tenants because of the tenant's adult child's conduct violates the First Amendment right to freedom of association, and violates the equal protection and due process clauses of the Fifth and Fourteenth Amendments. She sought a declaratory judgment and an injunction barring the EPHA from attempting to evict her. The district court denied the injunction without a hearing. After a trial on the merits, the court entered judgment denying both Chavez's request for declaratory relief and an injunction. She appeals the district court's judgment.

The district court held that the EPHA did not violate any of Chavez's constitutional rights when it decided to terminate her lease. The court found that after Chavez removed her son from the lease in 1989, she had regularly consented to his staying in her apartment as a guest. The court also found that Frank, while a resident, guest or otherwise under Chavez's control, engaged in criminal activity on or near the apartment complex. Then the court concluded that Frank's actions constituted good cause to terminate the lease and that the parent-child relationship between Chavez and her son was not a motivating factor in the EPHA's decision to evict Chavez.

## III

Chavez argues that the lease and the regulation violate her First Amendment right to freedom of association because the lease and regulation mandate that the EPHA evict her because of her parental relationship with Frank. Chavez also claims that the lease violates her Fifth and Fourteenth Amendment due process rights because it calls for her eviction based on her relationship with her son. She further contends that the EPHA is implementing the lease and the regulation in a way that violates her Fourteenth Amendment equal protection rights because the EPHA did not attempt to evict other people whom Frank visited. Finally, she claims that the lease and the regulation are vague and overbroad.

IV

While we review the district court's legal conclusions *de novo,* we will not set aside the district court's factual determinations unless they are clearly erroneous. Fed.R.Civ.P. 52(a).

A

The EPHA's effort to evict Chavez based on her violation of paragraph 7.M of her lease did not violate her First Amendment right of association. Paragraph 7.M of the lease provides that the tenant is obligated to:

> conduct himself/herself and to cause resident's household members and guests to conduct themselves in such manner as not to disturb the neighbor's peaceful enjoyment of their accommodations or community facilities; to refrain from illegal or other activity which would impair the physical or social environment of the complex; and to act in such a way as to be conducive to maintaining the complex in a decent, safe, and sanitary condition.

Paragraph 7.M is derived from a federal housing regulation which provides that a federal housing lease must state that the tenant has the obligation:

> [t]o conduct himself and cause other persons who are on the premises with his consent to conduct themselves in a manner which will not disturb his neighbor's peaceful enjoyment of their accommodations and will be conducive to maintaining the project in a decent, safe and sanitary condition.

24 C.F.R. § 966.4(f)(11). The lease makes the tenant subject to eviction if any household member or guest conducts himself or herself in a manner inconsistent with the lease.

Contending that Frank was not a member of her household or a guest, Chavez argues that the EPHA targeted her for eviction because of her relationship with her son. The district court, however, rejected Chavez's version of events. It found that Frank was a resident or guest in Chavez's household when he engaged in criminal activity and that the parent-child relationship had nothing to do with the EPHA's decision. This finding is not clearly erroneous. David Chavez, Jr., a security guard at the housing complex, testified that he often observed Frank at his mother's apartment and that he sometimes spent the night there. David Chavez testified that Frank was at his mother's

apartment so often he thought that Frank lived there. Other security guards and Ms. Ibrahim, the eligibility coordinator at the housing authority, also testified that they observed Frank at his mother's apartment. Security guard Jose Hernandez, Jr. testified that Frank threatened him with a crow bar and only retreated when the officer drew his weapon. Another security guard, Mario Ramirez, testified that one time while he was attempting to take Frank into custody, Frank took out his switch blade and swung at him and his partner.

Chavez, on the other hand, is unable to show how enforcement of the lease impermissibly interferes with her right to associate with her family. Nor has she shown that the regulation at issue burdens a fundamental right by "directly and substantially" interfering with family living arrangements. *Lyng v. Castillo,* 477 U.S. 635, 638, 106 S.Ct. 2727, 2729, 91 L.Ed.2d 527 (1986). Despite Chavez's contrary assertions, she has no convincing evidence that the EPHA has a policy of evicting tenants that is based on their familial relationships.

The EPHA did hold Chavez responsible for the acts of a guest that happened to be her son. As the district court correctly determined, however, that does not prove that the EPHA has a policy of holding tenants liable for the acts of their guests who are relatives that is different from the policy the EPHA applies to tenants who have guests that are not relatives. Of course, it may be that the EPHA holds tenants responsible for the conduct of guests that often turn out to be relatives. Such an unintended and incidental effect on family relationships does not violate Chavez's First Amendment right of association. *Turner v. Chicago Housing Authority,* 771 F.Supp. 924, 928 (N.D.Ill.1991); *Hameetman v. City of Chicago,* 776 F.2d 636 (7th Cir.1985).

Although Chavez raises a separate equal protection claim, it also rests on the assertion that the EPHA has a policy of holding tenants responsible for acts of relatives that is different from the policy applied to non-relative guests. Thus, her argument that the parent-child classification is not a rational means of accomplishing a permissible goal fails because she has not shown that such a

classification scheme exists.

B

Chavez also contends that the federal regulation that mandates paragraph seven in the lease in unconstitutionally vague. She argues that the regulation allows EPHA officials to act arbitrarily because it does not provide tenants with clear notice as to what constitutes a guest on the premises with the tenant's consent. The federal regulation, which is set out above, provides that tenants must cause persons who are on the premises with their consent to conduct themselves in a peaceful manner that will not disturb or endanger others in the community. 24 C.F.R. § 966.4(f)(11).

While vague laws in any area may suffer a constitutional infirmity, the vagueness doctrine does not apply equally to all circumstances. *Ashton v. Kentucky,* 384 U.S. 195, 200, 86 S.Ct. 1407, 1410, 16 L.Ed.2d 469 (1966); *Exxon Corp. v. Busbee,* 644 F.2d 1030, 1033 (5th Cir.1981). A civil statute that is not concerned with the First Amendment is only unconstitutionally vague if it is " "so vague and indefinite as really to be no rule at all' or if it is "substantially incomprehensible.' " *United States v. Clinical Leasing Services, Inc.,* 925 F.2d 120, 122 n. 2 (5th Cir.1991), *citing A.B. Small Co. v. American Sugar Refining Co.,* 267 U.S. 233, 239, 45 S.Ct. 295, 297, 69 L.Ed. 589 (1925) and *Exxon Corp. v. Busbee,* 644 F.2d 1030, 1033 (5th Cir.1981). This deferential standard of review applies because Chavez has failed to show how the regulations or the lease implicate her First Amendment rights.

Under this standard, there is no vagueness problem with the regulation or the lease. The phrase "cause others who are on the premises with his consent" is amenable to a sensible construction. At a minimum, the regulation and the lease put tenants on notice that the EPHA will hold them responsible for their misconduct and the misconduct of family and friends that visit them. This is all that the constitution requires.

## C

Chavez's final argument is based on the due process clause. She argues that the EPHA's termination of her lease amounts to punishment of an innocent party for the acts of another person over which she has no control. Once again, Chavez bases her argument on the assertion that she is losing her apartment because of her familial relationship with her son. This argument lacks merit. Chavez is not being punished for the actions of her son. She is being evicted for failing to ensure that her guests do not disturb or endanger others in her community.

## V

For the reasons stated herein, the judgment of the district court is

AFFIRMED.