The STATE of Ohio, Appellee,

v.

NELSON, Appellant.

[Cite as *State v. Nelson* (1996), 122 Ohio App.3d 309.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 95AP070051.

Decided Aug. 6, 1996.

*David C. Hipp,* Tuscarawas County Assistant Prosecutory Attorney, for appellee.

*Tarin Stuart Hale,* for appellant.

WILLIAM B. HOFFMAN, Presiding Judge.

On November 24, 1994, appellant, Seth Nelson, was arrested and charged with attempted murder in violation of R.C. 2903.02 and 2923.02. The charge stemmed from the knifing of Clifford Sinclair. The New Philadelphia Municipal Court conducted a preliminary hearing on December 2, 1994. By journal entry filed on the same date, the municipal court bound appellant over on the charge of felonious assault in violation of R.C. 2903.11(A)(1) and (2).

On December 22, 1994, the Tuscarawas Grand Jury indicted appellant on one count of attempted murder. A jury trial was set for January 31, 1995.

On January 19, 1995, appellant filed a motion to continue the trial date and a waiver of time. By judgment entry filed January 30, 1995, the trial court granted the motion, and continued the trial to February 28, 1995.

On February 6, 1995, appellee, the state of Ohio, filed a motion to continue the trial date. By order filed February 23, 1995, the trial court granted the motion, and continued the trial to April 25, 1995.

On April 24, 1995, appellant filed a motion to dismiss for lack of speedy trial. The trial court denied the motion and journalized its decision on May 2, 1995.

A jury trial commenced on April 25, 1995. At the end of appellee's case, appellant made a motion to dismiss pursuant to Crim.R. 29. The motion was denied. Upon completion of the testimony, the trial court instructed the jury on

attempted murder and felonious assault. The jury found appellant not guilty of attempted murder, but guilty of felonious assault. By judgment entry filed June 29, 1995, the trial court sentenced appellant to a definite term of five to fifteen years.

Appellant filed a notice of appeal, and this matter is now before this court for consideration. Appellant's assignments of error are as follows:

## I

"The trial court erred in failing to dismiss the indictment since appellant had not been brought to trial within the time limits established by R.C. 2945.71."

## II

"Trial court erred in overruling defendants [*sic*] motion for acquittal under rule 29."

## III

"The trial court committed prejudicial error by submitting felonious assault to the jury as a lesser included offense."

## IV

"Defendant was denied his right to due process by not having sufficient notice of the charge against him in preparing for trial in violation of the sixth amendment to the U.S. and Ohio constitutions."

## V

"Appellant Nelson was deprived of his right to effective assistance of counsel in violation of the fifth and sixth amendments to the United States constitution and Article I, Section 10 of the Ohio constitution."

## VI

"Other errors were committed at trial not raised herein but apparent on the record."

## A

Appellant claims the trial court erred in denying his motion to dismiss for violating R.C. 2945.71. We disagree.

Appellant argues that even though he requested a continuance on January 19, 1995 to the January 31, 1995 trial date and signed a time waiver, the second continuance granted by the trial court because an appellee's witness was unavailable should not have been counted against him. R.C. 2945.72 provides for extension of the statutory time frame set forth in R.C. 2945.71 and states:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

" * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

The matter on continuances is documented thoroughly in the record. The first journalization on January 30, 1995 was on appellant's motion and for good cause shown. Seven days following the setting of the new trial date, appellee notified the trial court of a witness's unavailability. By order filed February 23, 1995, the trial court found the request to be good cause and rescheduled the trial for April 25, 1995. The resetting of the trial to April 25, 1995 was done on the record and before the expiration of the ninety-day trial limit given the extension necessitated by appellant's January 19, 1995 motion. *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571.

Assignment of Error I is overruled.

B

Appellant claims the trial court erred in denying his motion for acquittal pursuant to Crim.R. 29. We disagree.

Crim.R. 29 states as follows:

"(A) Motion for Judgment of Acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus:

"Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different

conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

Appellant argues that appellee failed to produce evidence of his "purpose" to attempt to cause the death of another. In our review of the record, the testimony was that appellant got out of the vehicle and approached or ran to Sinclair's vehicle, reached in to punch Sinclair, and cut him, causing his head to flop back. The evidence established that appellant was the aggressor and started the confrontation.

Dr. Steve Schilliger testified the cut was not trivial, but a "deep laceration"; the wound "was as close as you can get to being a lethal injury without actually being so"; and the nature of the wound was consistent with what Sinclair said happened, beginning at the side of the face and down as if reaching around the head and pulling down.

We find the evidence to substantiate that reasonable minds could reach different conclusions as to whether each material element of the crime had been proven beyond a reasonable doubt.

Assignment of Error II is overruled.

## C

Appellant claims the trial court erred in giving a lesser-included-offense instruction on felonious assault. Appellant argues that felonious assault is not a lesser included offense of attempt to commit murder. We agree.

Though we find the decision to sustain appellant's third assignment of error distasteful, we are compelled to do so as a matter of law. What is distasteful is that we fully believe that the evidence totally supports the jury's finding that appellant was guilty of felonious assault. However, we find that the rule set forth by the Ohio Supreme Court in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, mandates reversal.

"Murder" is defined in R.C. 2903.02(A) as "No person shall purposely cause the death of another." The particular section of felonious assault charged by the trial court was R.C. 2903.11(A)(2), which provides:

"(A) No person shall knowingly:

" * * *

"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

We specifically acknowledge that the 1974 Legislative Service Commission Comment to 1972 Am.Sub.H.B. No. 511 states felonious assault is a lesser included offense of attempted murder:

"This section [R.C. 2903.11, felonious assault] is a lesser included offense to attempted murder, which is a felony of the first degree. See, section 2923.02. For example, if with purpose to kill, an offender shoots and wounds another, he may be charged with attempted murder. If it is not clear that the offender had a murderous purpose, his act may be an offense under this section."

■ However, in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, the Supreme Court of Ohio set forth the test to be employed in determining what is a lesser included offense:

"An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (*State v. Kidder* [1987], 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)"

The syllabus in *Deem* supersedes the Legislative Service Commission Comment as authority and directs our analysis.

■ R.C. 2903.11(A)(2), felonious assault, contains elements which are similar to attempted murder. However, they differ in two respects. The first concerns the required state of mind or *mens rea* of the offender. Attempted murder's culpable mental state is purposely, whereas felonious assault's culpable mental state is knowingly. Because proof of purpose is sufficient to prove any lesser degree of knowledge, this first difference between the two charges meets the *Deem* test. See R.C. 2901.22(E) and the Comment to Am.Sub.H.B. No. 511.

The second difference between the elements of the two charges is that attempted murder requires an attempt to cause the death of another, whereas under subsection (A)(2) of felonious assault, there must be an attempt to cause physical harm to another by means of a deadly weapon or dangerous ordinance. Though an attempt to murder another certainly would always include an attempt to cause physical harm to the other, subsection (A)(2) of felonious assault requires the additional element that a deadly weapon or dangerous ordinance be used in the attempt to cause the physical harm. The element is not required in attempted murder.

It is tempting to conclude that because the appellant herein used a deadly weapon in causing physical harm to Sinclair, the facts *sub judice* meet the *Deem* test. However, in *State v. Koss* (1990), 49 Ohio St.3d 213, 551 N.E.2d 970 the

Ohio Supreme Court instructed that this "facts of the case" analysis is to be undertaken only after the *Deem* test is first met. *Koss* specifically directs that "the facts and evidence of a particular case become pertinent *only after* the court first finds that the offense indeed is a lesser included offense." (Emphasis added.) *Koss, supra,* at 218, 551 N.E.2d at 975. See, also, *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311.

*Koss* does not prohibit analysis of hypothetical facts in determining whether the greater offense can be committed without the lesser offense necessarily also being committed. *Deem*'s use of the word "ever" in paragraph three of the syllabus does more than invite that hypothetical analysis, it requires it. Because attempted murder can *sometimes* be committed without committing felonious assault under subsection (A)(2) (*e.g.,* attempt to push someone out of a window), paragraph three of the syllabus of *Deem* requires reversal.

In light of our conclusion one might ask how to prevent such a seemingly unjust result. The answer is simple. The prosecution could have elected to indict and try the appellant on both charges. If the jury found appellant guilty on both charges, the prosecution would have had to elect the charge upon which the trial court would convict and sentence the appellant pursuant to R.C. 2941.25. However, if a lesser *included* offense as defined under *Deem* does not exist, the trier of fact may find the accused not guilty of the indicted offense although it might well have found the defendant guilty of a lesser, *not included,* offense, if so indicted. This case provides just such a scenario. The prosecution gambles when it chooses such an all or nothing approach. When it does so it must live with the results. The tactical decision demonstrated in the instant case becomes even more suspect to second-guessing given the fact that the municipal court found probable cause only for felonious assault and not attempted murder at the preliminary hearing.

### D, E and F.

We find these assignments of error to be moot in light of our resolution of appellant's third assignment of error.

The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed.

*Judgment reversed.*

Gwin, J., concurs.

Farmer, J., dissents.

FARMER, Judge, dissenting.

I respectfully dissent from the majority's opinion. In Assignment of Error III, the majority holds that felonious assault, R.C. 2903.11(A)(2), fails by definition to be a lesser included offense of attempted murder because attempted murder can, as statutory defined, be committed without the lesser offense. I disagree with this analysis as it pertains to felonious assault as defined by subsection (A)(2). The legislature built into subsection (A)(2) the attempt language without the necessity of a charge under the section prohibiting an attempt to commit an offense. By its very nature, the felonious assault statute is a compilation of various crimes included under the broad definition of felonious assault.

The majority makes the statement that one can attempt to cause someone's death by pushing him/her out of a window and it would not be felonious assault. I disagree because this analysis forces a court to look at the particular facts, which the majority claims the *dicta* in *State v. Koss* (1990), 49 Ohio St.3d 213, 551 N.E.2d 970, prohibits.[1] If the "facts" were attempted murder by pushing someone out of a window, felonious assault as statutorily defined under the subsection (A)(1) phrase "[c]ause serious physical harm to another" would apply.

Also, although it was decided prior to *Deem*, I find *State v. Mabry* (1982), 5 Ohio App.3d 13, 5 OBR 14, 449 N.E.2d 16, to be persuasive. Our sister court from the Eighth District found felonious assault to be a lesser included offense of attempted murder by using the same analysis as the *Deem* court at paragraph two of the syllabus. The court reaffirmed its position after *Deem* in *State v. Whalen* (Nov. 27, 1991), Cuyahoga App. No. 59366, unreported, 1991 WL 251668.

I find R.C. 2903.11(A)(2), felonious assault, to be a lesser included offense of attempted murder. Therefore, the trial court did not err in giving the instruction on felonious assault. I would deny the assignment of error.

---

1. The step-by-step analysis of *Deem* at paragraph three of the syllabus was not included in the *Koss* syllabus. The majority relies on the dicta of *Koss* and not its holding.