[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 1207.]

THE STATE OF OHIO, APPELLANT, *v.* NELSON, APPELLEE.

[Cite as *State v. Nelson*, 1998-Ohio-415.]

*Appeal dismissed as improvidently allowed.*

(No. 96-2160—Submitted April 2, 1998—Decided May 20, 1998.)

APPEAL from the Court of Appeals for Tuscarawas County, No. 95AP070051.

————————

*David C. Hipp*, Tuscarawas County Assistant Prosecuting Attorney, for appellant.

*Tarin Stuart Hale*, for appellee Seth Nelson.

————————

{¶ 1} The cause is dismissed, *sua sponte*, as having been improvidently allowed.

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, COOK and LUNDBERG STRATTON, JJ., dissent.

————————

**COOK, J., dissenting.**

{¶ 2} I respectfully dissent. The issue underlying this case is whether R.C. 2903.11(A)(2) felonious assault may be considered a lesser included offense of attempted murder. A review of appellate court opinions demonstrates that the appellate jurisdictions have reached conflicting conclusions on this issue. See, *e.g., State v. Hall* (May 17, 1996), Sandusky App. No. 5-95-032, unreported, 1996 WL 256610; *State v. Hammers* (Feb. 28, 1996), Medina App. No. 2469-M, unreported, 1996 WL 84616; *State v. Konoff* (Nov. 1, 1991), Ottawa App. No. 90-OT-036, unreported, 1991 WL 224991; *State v. Mabry* (Nov. 1, 1984), Cuyahoga App. No. 47821, unreported, 1984 WL 3553. Moreover, if one is to accept the majority's interpretation of the appellate judges' separate opinions in *State v. Williams* (1998),

81 Ohio St.3d 1262, 693 N.E.2d 282, there is also a schism within the Fifth Appellate District on the issue. Compare *State v. Nelson* (Aug. 6, 1996), Tuscarawas App. No. 95AP070051, unreported, 1996 WL 488879, with *State v. Williams* (Sept. 23, 1996), Stark App. No. 95-CA-0258, unreported, 1996 WL 570956.

{¶ 3} I believe that we should settle this issue by adopting Judge Hoffman's well-reasoned majority opinion in *Nelson*, which concludes that R.C. 2903.11(A)(2) felonious assault is not a lesser included offense of attempted murder. By dismissing this case as having been improvidently allowed, the majority allows the judgment in *Nelson* to stand. For the benefit of the bar, I would go further by adopting the opinion as setting forth the proper standard of law in Ohio.

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

————————————