OPINION *Page 2 
{¶ 1} Plaintiff-appellant Seth Nelson appeals from the October 6, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 22, 1994, the Tuscarawas County Grand Jury indicted appellant on one count of attempted murder in violation of R.C. 2903.02
and 2923.02, a felony. Thereafter, a jury trial commenced on April 25, 1995. The jury found appellant not guilty of attempted murder, but guilty of felonious assault in violation of R.C. 2903.11(A)(1) and (2). Pursuant to a Judgment Entry filed June 29, 1995, the trial court sentenced appellant to a definite term of five to fifteen years in prison.
 {¶ 3} Appellant then appealed, arguing, in part, that the trial court had erred in giving a lesser-included-offense instruction on felonious assault because felonious assault is not a lesser included offense of attempt to commit murder. Pursuant to an opinion filed in State v.Nelson (1996), 122 Ohio App.3d 309, 701 N.E.2d 747, this Court reversed appellant's conviction, finding that felonious assault was not a lesser included offense of attempted murder. The State of Ohio appealed such ruling. The Ohio Supreme Court dismissed the appeal on May 20, 1998 as having been improvidently allowed. See State v. Nelson,82 Ohio St.3d 1207, 1998-Ohio-415, 693 N.E.2d 804.
 {¶ 4} Thereafter, on May 26, 1998, the Tuscarawas County Grand Jury indicted appellant on two counts of felonious assault in violation of 2903.11, both aggravated felonies of the second degree. Appellant, on June 22, 1998, filed a "Motion to Dismiss for Due Process, Lack of Speedy Trial and Double Jeopardy." Appellant, in his motion, *Page 3 
specifically requested that "the charges contained herein be dismissed for the reason that they are based upon alleged conduct for which he has been previously tried and eventually released." Appellant also argued that "the return of a new indictment for these charges three years after the incident violates defendant's double jeopardy, right to a speedy trial and right to due process." The trial court, pursuant to a Judgment Entry filed on July 22, 1998, overruled appellant's motion to dismiss the indictment.
 {¶ 5} On January 11, 1999, appellant entered a plea of no contest to one count of felonious assault in violation of R.C. Section2903.11(A)(2). The second charge of felonious assault contained in the indictment was dismissed by appellee. Thereafter, the trial court found appellant guilty of one count of felonious assault in violation of R.C.2903.11(A)(2), an aggravated felony of the second degree. Appellant was sentenced by the trial court on the same date to five (5) to fifteen (15) years in prison.
 {¶ 6} Appellant then appealed, arguing, in part, that the trial court had erred in failing to dismiss the indictment since appellant had not been brought to trial within the time limits established by Ohio Revised Code Section 2945.71. Pursuant to an Opinion filed in State v.Nelson (Jan. 12, 2000), Tusc. App. No. 1999 AP 02 0007, 2000 WL 94535, this Court reversed the judgment of the trial court and remanded the case. This Court, in our opinion, stated, in relevant part, as follows: "Since appellant made a timely request for findings of fact, we find that the trial court erred in failing to state its essential findings of fact in support of its denial of appellant's Motion to Dismiss on speedy trial grounds. Since the trial court failed to make such findings, this matter is reversed as to assignment number II and remanded to the trial court for the issuance of findings of fact and conclusions of law with respect to the denial of appellant's Motion to Dismiss on *Page 4 
speedy trial grounds. The trial court, in its findings of fact and conclusions of law, specifically should enumerate its reasons for denying appellant's Motion to Dismiss on speedy trial grounds and should specifically clarify whether or not appellant was tried for felonious assault within the 270 days mandated by R.C. 2945.71(C)(2)." Id at p. 11-12.
 {¶ 7} On remand, the trial court found that appellant's speedy trial rights had not been violated. As memorialized in a Judgment Entry filed on January 26, 2001, the trial court sentenced appellant to an indefinite prison sentence of five to fifteen years.
 {¶ 8} Appellant then appealed. Pursuant to an opinion filed inState v. Nelson (Sept. 27, 2001), Tusc. App. No. 2001 AP 02 0016,2001 WL 1913811, this Court reversed the judgment of the Tuscarawas County Court of Common Pleas, finding that appellant's speedy trial rights had been violated. This Court remanded the matter to the trial court with instructions to dismiss the charge against appellant for failure to comply with R.C. 2945.71(C)(2).
 {¶ 9} Subsequently, on May 23, 2006, appellant filed a Complaint for Declaratory Judgment against appellee pursuant to R.C. 2305.02,2743.48(A), et seq., and 2721.01, et seq., seeking a determination that he was a wrongfully imprisoned individual. Appellant, in his complaint, alleged that he was wrongfully imprisoned by appellee from November 23, 1994 through June 10, 1998, when he was released on a recognizance bond, for a total of 1,295 days.
 {¶ 10} On June 5, 2006, appellee filed a Motion for Judgment on the Pleadings, arguing that appellant had failed to file his complaint within the one year statute of limitations for false imprisonment contained in R.C. 2305.11(A). Appellee, in its motion, asserted that appellant's cause of action had accrued at latest upon his release from *Page 5 
prison on June 10, 1998, when he was released on a recognizance bond, and that appellant had failed to file his complaint within one year of such date. Appellant, in his memorandum in opposition, argued that either the four (4) year statute of limitations contained in R.C.2305.09(D) for specified torts or the ten (10) year statute of limitations contained in R.C. 2305.14 applied. Appellant further argued that his cause of action to bring the complaint for declaratory judgment accrued "only upon the April 9, 2003 amendment to R.C. 2743.48(A)(5) which created his cause of action, still denominated `wrongful imprisonment,' but previously unknown at common law in its current form." Appellant argued that, therefore, the applicable statute of limitations, whether four (4) years or ten (10) years, had yet to fully run.
 {¶ 11} Pursuant to a Judgment Entry filed on October 4, 2006, the trial court granted appellee's Motion for Judgment on the Pleadings. The trial court, in its entry, found that, pursuant to R.C. 2305.07, the statute of limitations for filing a claim for wrongful imprisonment under R.C. 2743.48 was six years and that a false imprisonment claim accrued upon a plaintiff's release from prison. The trial court further found that appellant's claim began to accrue on June 10, 1998, when appellant was released from confinement on a recognizance bond, and that appellant had failed to bring his claim within six (6) years of such date.
 {¶ 12} Appellant now raises the following assignments of error on appeal:
 {¶ 13} "I. THE TRIAL COURT ERRED IN RULING THAT APPELLANT'S CAUSE OF ACTION ACCRUED ON JUNE 10, 1998, THE DATE UPON WHICH APPELLANT WAS FIRST RELEASED ON BOND PENDING RE-TRIAL ON CHARGES ARISING FROM THE SAME INCIDENT AS THAT FOR WHICH HE HAD BEEN IMPRISONED, *Page 6 
BECAUSE THE STATE WAS NOT FINISHED PROSECUTING APPELLANT, THEREBY LEAVING THE FOURTH ELEMENT OF THE TORT OF WRONGFUL IMPRISONMENT AS SPECIFIED IN BOTH THE FORMER AND CURRENT VERSIONS OF R.C. §2743.48(A)(4) UNCOMPLETED, AND AS A RESULT, APPELLANT COULD NOT THEN HAVE BROUGHT AND MAINTAINED HIS CAUSE OF ACTION, AS IT WAS ONLY AFTER HIS THIRD SENTENCING, ON JANUARY 26, 2001, AND THE CONCLUSION OF THE STATE'S UNSUCCESSFUL APPELLATE EFFORTS, ON SEPTEMBER 27, 2001, THAT THE FOURTH ELEMENT OF THE TORT WAS COMPLETE.
 {¶ 14} "II. THE TRIAL COURT ERRED IN RULING THAT APPELLANT'S CAUSE OF ACTION ACCRUED ON JUNE 10, 1998, BECAUSE THE LAW AT THAT TIME WOULD HAVE REQUIRED APPELLANT TO PROVE THAT THE OFFENSE OF WHICH HE WAS CONVICTED, INCLUDING ALL LESSER-INCLUDED OFFENSES, EITHER WAS NOT COMMITTED BY HIM OR WAS NOT COMMITTED BY ANY PERSON, WHICH THING PLAINTIFF HAS NEVER ALLEGED HE CAN DO, THEREBY LEAVING THE FIFTH ELEMENT OF THE TORT OF WRONGFUL IMPRISONMENT AS REQUIRED UNDER THE FORMER VERSION OF R.C. § 2743.48(A)(5), LACKING, AND AS A RESULT, APPELLANT COULD NOT THEN HAVE BROUGHT AND MAINTAINED HIS CAUSE OF ACTION, REGARDLESS OF HOW DILIGENT HE MIGHT HAVE BEEN, AS IT IS ONLY THE CURRENT VERSION OF R.C. §2743.48(A)(5), AS AMENDED EFFECTIVE APRIL 9, 2003, WHICH AFFORDS A CAUSE OF ACTION DENOMINATED `WRONGFUL IMPRISONMENT TO ONE SUCH AS APPELLANT, WHO DOES NOT ALLEGE HE CAN PROVE HIS `INNOCENCE,' *Page 7 
BUT WHO CAN PROVE ONLY THAT HE WAS IMPRISONED WITHOUT EVER HAVING BEEN LAWFULLY CONVICTED, WHICH IS TO SAY, `AN ERROR IN PROCEDURE RESULTED IN THE INDIVIDUAL'S RELEASE.'"
 I {¶ 15} Appellant, in his first assignment of error, argues that the trial court erred in granting appellee's Motion for Judgment on the Pleadings. Appellant specifically contends that the trial court erred in holding that appellant's cause of action accrued on June 10, 1998 and that, therefore, appellant's complaint in this matter was not timely filed. We agree.
 {¶ 16} The Supreme Court of Ohio, in Walden v. State (1989),47 Ohio St.3d 47, 49, 547 N.E.2d 962, has explained the two-step process for petitioning for damages for wrongful imprisonment. In Walden, supra, the Ohio Supreme Court noted that the Ohio Revised Code provides a two-step process whereby a person claiming wrongful imprisonment may sue the state of Ohio for damages incurred due to the alleged wrongful imprisonment. The first action, in the common pleas court under R.C.2305.02, seeks a preliminary factual determination of wrongful imprisonment; the second action, in the Court of Claims under R.C.2743.48, provides for damages.
 {¶ 17} In turn, R.C. 2305.02 grants a court of common pleas exclusive, original jurisdiction to hear an action for wrongful imprisonment such as the one filed by appellant. R.C. 2305.02 references subsections (A)(1) to (4) of R.C. 2743.48 for the purpose of determining whether a person is a "wrongfully imprisoned individual."
 {¶ 18} Appellant, in the case sub judice, filed a complaint against appellee, seeking a declaration that he was a wrongfully imprisoned individual within the meaning *Page 8 
of R.C. 2743.48(A). The first issue for determination is what statute of limitations applies to such an action.[1]
 {¶ 19} Appellee, in the case sub judice, cites to R.C. 2743.16(A) in arguing that the one year statute of limitations set forth in R.C.2305.11(A) for false imprisonment applies. R.C. 2743.16(A) states, in relevant part, as follows: ". . .civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similarsuits between private parties." (Emphasis added). Appellee notes that R.C. 2305.11(A) provides that an action for false imprisonment "shall be commenced within one year after the cause of action accrued." Thus, appellee argues that R.C. 2305.11(A) provides a shorter period within which to bring a lawsuit against the state for false imprisonment.
 {¶ 20} However, appellant's action in this matter is not an action against the state permitted by R.C. Sections 2743.01 to 2743.20. Appellant's action against the state was permitted by R.C. 2743.48.
 {¶ 21} R.C. 2305.07 states as follows: "Except as provided in sections126.301 [126.30.01] and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liabilitycreated by statute other than a forfeiture or penalty, shall be brought within six years after the cause of action thereof accrued." (Emphasis added). As noted by the Court in Murray v. State, Cuyahoga App. No. 78374, 2002-Ohio-664, appeal not allowed by 96 Ohio St.3d 1465,2002-Ohio-3910, *Page 9 772 N.E.2d 1202. "R.C. 2743.48 was enacted to provide compensation to innocent persons who have been wrongfully convicted and incarcerated for a felony. Walden v. State (1989), 47 Ohio St.3d 47, 53, 547 N.E.2d 962. Without the enactment of R.C. 2743.48, the State would remain immune from such lawsuits. Id. It is, therefore, a claim derived from the enactment of a statute. Consequently, pursuant to R.C. 2305.07, the statute of limitations for filing a claim for wrongful imprisonment is six years."[2] Id at 3.
 {¶ 22} Based on the foregoing, we concur with the trial court that the statute of limitations for filing a wrongful imprisonment claim under R.C. 2743.48 is six years.
 {¶ 23} The next issue for determination is when appellant's cause of action against appellee accrued.
 {¶ 24} R.C. 2743.48 states, in relevant part, as follows: "(A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
 {¶ 25} "(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
 {¶ 26} "(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.
 {¶ 27} "(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty. *Page 10 
 {¶ 28} "(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.
 {¶ 29} "(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person." (Emphasis added).
 {¶ 30} We note that subsection (5), cited above, was amended, effective April 9, 2003, to allow a person, such as appellant, who could not establish his or her actual innocence, but who could establish that an error in procedure resulted in his or her release to file a complaint against the State of Ohio seeking a declaration that he or she had been wrongfully imprisoned. Prior to such time, only individuals who could establish their actual innocence could file such a complaint. Thus, prior to the amendment, appellant would not have had a cause of action because he alleges an error in procedure resulted in his release. The amendment to R.C. 2743.48(A)(5) created appellant's cause of action.
 {¶ 31} The trial court, in its October 4, 2006 Judgment Entry, held that appellant's cause of action accrued upon his release from confinement on June 10, 1998. On such *Page 11 
date, appellant was released from confinement on a recognizance bond. We, however, disagree.
 {¶ 32} As is stated above, for appellant to be classified a "wrongfully imprisoned individual", each and every one of the elements set forth in R.C. 2743.48(A) must be met. R.C. 2743.48(A)(4), which is cited above, requires that once an individual's conviction is vacated or dismissed or reversed on appeal, "the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney,. . ."
 {¶ 33} As noted by appellant in the case sub judice, "the issue of the lawfulness of Appellant's prosecution and imprisonment was not finally terminated in Appellant's favor until the appeal period expired following the final reversal of Appellant's third conviction and sentencing on September 27, 2001." Pursuant to an opinion filed on such date, this Court found that appellant's speedy trial rights had been violated and remanded the matter to the trial court with instructions to dismiss the charge against appellant for failure to comply with R.C.2945.71(C)(2). Once the time for appealing this Court's decision to the Ohio Supreme Court had run, no further prosecution of appellant could take place. The prosecuting attorney could not seek any further appeal or bring any further criminal proceeding. No further prosecutorial action was possible. In short, we find that appellant could not have filed an action seeking a determination that he was a wrongfully imprisoned individual until after September 27, 2001. *Page 12 
 {¶ 34} Based on the foregoing, we find that appellant's cause of action accrued after September 27, 2001.[3] Appellant had six years from such time within which to file his complaint seeking a declaratory judgment that he was a wrongfully imprisoned individual within the meaning of R.C. 2743.48(A). Appellant filed his complaint on May 23, 2006. Appellant's complaint, therefore, was timely filed.[4]
 {¶ 35} Appellant's first assignment of error is, therefore sustained.
 II {¶ 36} Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.
 {¶ 37} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
 By: Edwards, J., Hoffman, P.J., and Wise, J. concur *Page 13 
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.
[1] We note that appellant did not assign as error the trial court's ruling that the six year statute of limitations contained in R.C.2305.07 applies. However, pursuant to App.R. 3(C)(2), appellee raised such issue in its brief. Such rule provides that a person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court, but who does not seek to change such judgment or order, is not required to file a notice of cross-appeal.
[2] The Court, in Murray, noted that the statute of limitations for acommon law, as opposed to statutory, cause of action for false imprisonment is one year pursuant to R.C. 2305.11 (A).
[3] We note that appellant does not argue that his cause of action accrued on April 9, 2003, the effective date of the amendment to subsection (5) of R.C. 2743.38. We shall, therefore, not address such issue.
[4] We note that appellee, at the oral argument in this matter, conceded that appellant's cause of action occurred after September 27, 2001. *Page 1