[Cite as *Nelson v. State*, 2010-Ohio-1777.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SETH NELSON

     Plaintiff

     v.

STATE OF OHIO

     Defendant
     Case No. 2008-09503-WI

Judge Joseph T. Clark

DECISION

{¶ 1} On February 24, 2010, the court vacated the stay of proceedings in this matter. On March 30, 2010, the court ordered the parties to file briefs on the issue of whether the term "an error in procedure," as it appears in R.C. 2743.48(A)(5), is unconstitutionally vague. As the court noted in its order, this case is one of first impression inasmuch as the court has never before considered a claim of wrongful imprisonment based upon an error in procedure. Plaintiff filed his brief on April 1, 2010, and defendant filed its brief on April 13, 2010.

**STATE v. NELSON**

{¶ 2} Plaintiff was arrested on November 24, 1994, and charged in the Tuscarawas County Court of Common Pleas with the attempted murder and felonious assault of Clifford Sinclair. See *State v. Nelson* (1996), 122 Ohio App.3d 309. Plaintiff was subsequently indicted in Case No. 94CR120322 on one count of attempted murder, but not on the felonious assault charge.

{¶ 3} The jury acquitted plaintiff of attempted murder, but found him guilty of felonious assault, which was identified as a lesser-included offense of attempted murder in the court's jury instructions. Thereafter, the court sentenced plaintiff to a prison term of 5 to 15 years. In plaintiff's appeal of his conviction, the Fifth District Court of Appeals found that the record established that "[plaintiff] was the aggressor and started the confrontation" with Sinclair inasmuch as plaintiff "got out of [his] vehicle and approached or ran to Mr. Sinclair's vehicle, reached in to punch Mr. Sinclair and cut him causing his head to flop back." Id. at 313. A physician testified that Sinclair suffered a "deep laceration * * * as close as you can get to being a lethal injury without actually being so." Id.[1]

{¶ 4} Nonetheless, on August 6, 1996, the court of appeals reversed the conviction on the grounds that the trial court erred in instructing the jury on felonious assault. In so doing, the court noted that the reversal of plaintiff's conviction was "distasteful" to the court in that "the evidence totally supports the jury's finding that [plaintiff] was guilty of felonious assault." The court faulted the prosecutor for such a "seemingly unjust" result which, in the court's opinion, could have been avoided if the prosecution had simply elected to indict and try plaintiff on both charges. Id. at 315.[2]

{¶ 5} The prosecution subsequently indicted plaintiff for felonious assault on May 26, 1998. (Case No. 1998 CR 05 0106.) Following a plea of no contest, the court found plaintiff guilty and, on January 12, 1999, imposed a sentence of 5 to 15 years in prison. The Fifth District Court of Appeals remanded the matter for the trial court to issue findings of fact and conclusions of law as requested by plaintiff. *State v. Nelson* (Jan. 12, 2000), Tuscarawas App. No. 1999AP 02 0007. On remand, the trial court adopted the findings and conclusions submitted by the prosecution and once again sentenced plaintiff to a prison term of 5 to 15 years on January 26, 2001. However, on September 27, 2001, the Fifth District Court of Appeals reversed plaintiff's conviction due to the violation of his speedy trial rights. *State v. Nelson*, Tuscarawas App. No.

---

[1]Although plaintiff has alleged a much different set of facts in his complaint, the only judicially determined facts of plaintiff's underlying criminal cases are those set forth in the opinion of the Fifth District Court of Appeals. Similarly, the determination of that court that such facts support plaintiff's guilt of the offense of felonious assault remains undisturbed by subsequent appeals.

[2]The state's appeal to the Supreme Court of Ohio was dismissed on May 20, 1998. *State v. Nelson* (1998), 82 Ohio St.3d 1207.

2001AP 02 0016, 2001-Ohio-1441.[3]

**NELSON v. STATE I**

{¶ 6} In 2006, plaintiff filed a claim in the Tuscarawas County Court of Common Pleas seeking a determination that he was a wrongfully imprisoned individual. The trial court granted the state's motion for judgment on the pleadings and dismissed plaintiff's claim as being untimely filed. On November 16, 2007, the Fifth District Court of Appeals reversed the trial court's entry of dismissal and remanded the claim to the common pleas court to make a determination that plaintiff was a wrongfully imprisoned individual. *Nelson v. State*, Tuscarawas App. No. 2006 AP 10 0061, 2007-Ohio-6274. The Court of Appeals noted that the April 9, 2003 amendment to R.C. 2743.48(A)(5) allowed "a person, such as appellant, who could not establish his or her actual innocence, but who could establish that an error in procedure resulted in his or her release to file a complaint against the State of Ohio seeking a declaration that he or she had been wrongfully imprisoned. Prior to such time, only individuals who could establish their actual innocence could file such a complaint. * * * The amendment to R.C. 2743.48(A)(5) created appellant's cause of action." Id. at ¶30.

{¶ 7} On August 15, 2008, the Tuscarawas County Court of Common Pleas issued an entry finding that plaintiff was a wrongfully imprisoned individual pursuant to R.C. 2743.48(A)(1)-(5).


**NELSON v. STATE II**

{¶ 8} On September 5, 2008, plaintiff brought this action alleging wrongful imprisonment in connection with "at least" his first conviction.[4] On November 19, 2008, this court dismissed plaintiff's claim for lack of subject matter jurisdiction as a result of plaintiff's failure to file a determination from the trial court pursuant to R.C. 2305.02 that the offense for which he was found guilty either was not committed by him or was not committed by any person.

{¶ 9} On June 30, 2009, the Tenth District Court of Appeals issued a decision reversing this court and remanding the claim for further proceedings. According to the

---

[3]According to the complaint, the felonious assault conviction was dismissed on October 30, 2001.
[4]Plaintiff acknowledges in the complaint that during the pendency of the second criminal case he was incarcerated on an unrelated matter.

Tenth District Court of Appeals, the Court of Claims has jurisdiction to determine whether an individual was wrongfully imprisoned due to "an error in procedure," as that term appears in R.C. 2743.48(A)(5). *State v. Nelson*, 183 Ohio App.3d 83, 2009-Ohio-3231, ¶20-21. The Tenth District did not consider the constitutionality of amended R.C. 2743.48(A)(5).[5]

## AN ERROR IN PROCEDURE

{¶ 10} Pursuant to R.C. 2743.48(A)(5), claims of wrongful imprisonment may be predicated either upon an individual's actual innocence of the crime for which he was imprisoned, or alternatively upon circumstances where "an error in procedure resulted in the individual's release" from prison. Plaintiff premises his claim upon the latter criterion, alleging that his release from prison resulted from violations of his "speedy trial rights * * *, rights to indictment, to specification and advance notice of the charges upon which he was tried, and * * * other procedural rights at trial." Therefore, the adjudication of plaintiff's claim requires a determination whether his release from prison resulted from an error in procedure.

{¶ 11} In order to make such a determination, the court first must construe the meaning of "an error in procedure" as it appears in R.C. 2743.48(A)(5). "The first rule of statutory construction is to look at the statute's language to determine its meaning. If the statute conveys a clear, unequivocal, and definite meaning, interpretation comes to an end, and the statute must be applied according to its terms." *Columbia Gas Transm. Corp v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, ¶19. However, when a statute is subject to varying interpretations, it is ambiguous and must be construed in a manner which carries out the intent of the General Assembly. *Harris v. Van Hoose* (1990), 49 Ohio St.3d 24, 26.

{¶ 12} R.C. 2743.48 does not define the meaning of "an error in procedure," nor does the term appear elsewhere in the Revised Code. As to the plain language of the term, "error" is defined as "[a] mistake of law or of fact in a court's judgment, opinion, or order," and "procedure" is defined as either "[a] specific method or course of action" or

---

[5]The issue whether this court or the common pleas court has original jurisdiction of a claim for wrongful imprisonment premised upon an error in procedure is currently being considered by the Ohio Supreme Court in *Griffith v. State*, Sup. Ct. of Ohio Case No. 2009-1363.

"[t]he judicial rule or manner for carrying on a civil lawsuit or criminal prosecution." Black's Law Dictionary (7th Ed. 1999) 1221.

{¶ 13} However, reference to such definitions does not lend further clarity to the term "an error in procedure" nor does it aid the court in identifying the specific type of errors and procedures which are contemplated under R.C. 2743.48(A)(5). To the extent that the plain language fails to resolve such ambiguity, the court must look to the tools of statutory construction for guidance.

{¶ 14} R.C. 1.49 provides:

{¶ 15} "If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

{¶ 16} "(A) The object sought to be attained;

{¶ 17} "(B) The circumstances under which the statute was enacted;

{¶ 18} "(C) The legislative history;

{¶ 19} "(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

{¶ 20} "(E) The consequences of a particular construction;

{¶ 21} "(F) The administrative construction of the statute."

In 1986, R.C. 2743.48 was enacted to authorize wrongfully imprisoned individuals to bring civil actions against the state for specified monetary damages. In order to qualify as wrongfully imprisoned under the original statute, an individual needed to prove, inter alia, "either that he or she did not commit the offense or that no other person committed it. To satisfy the requirement, a petitioner was required to affirmatively establish his or her innocence." *Nelson v. State,* 183 Ohio App.3d 83, 2009-Ohio-3231, ¶13. In 2003, however, R.C. 2743.48(A)(5) was amended to include the alternative criterion under which wrongful imprisonment may be established based upon an individual's release from prison due to an error in procedure.

{¶ 22} The 2003 amendment originated from a Senate bill which, in its initial form, proposed only to increase the amount of statutory compensation for wrongfully imprisoned individuals. Legislative Service Commission Bill Analysis of Sub. S.B. 149, 124th General Assembly. Following Senate approval, the bill came before the House Committee on Civil and Commercial Law, where several significant amendments were

proposed, including the amendment to R.C. 2743.48(A)(5). Legislative Service Commission Bill Analysis of Sub. S.B. 149, 124th General Assembly. Ultimately, the bill was enacted in this form and took effect on April 9, 2003.

{¶ 23} Despite the significant departure from the original concept of wrongful imprisonment, the bill analyses prepared by the Legislative Service Commission at various stages in the legislative process are virtually silent on this aspect of the bill, focusing instead on the proposed changes to the amount of compensation for wrongfully imprisoned individuals. Indeed, the analyses do little more than acknowledge that the bill "expands the criteria" under which an individual may be adjudicated wrongfully imprisoned. Thus, the legislative history of the amendment is not instructive as to the meaning of an error in procedure, nor does it reveal the circumstances or policy considerations that occasioned the amendment.

{¶ 24} Statutes and rules are also of little use in defining an error in procedure, a term which does not appear in the Ohio Constitution, Revised Code, Administrative Code, Rules of Criminal Procedure, Rules of Civil Procedure, or Rules of Evidence. With regard to the common law, "an error in procedure" has appeared in a small number of reported decisions, but in these decisions and others that employ similar phrases such as "procedural error," the term is not afforded a precise or consistent meaning.

{¶ 25} Decisional law that predates the 2003 amendment to R.C. 2743.48(A)(5) offers little guidance in light of the fact that a claim for wrongful imprisonment was contemplated only in cases of actual innocence. See *Nelson*, supra, at ¶14, and *State v. Nelson*, Tuscarawas App. No. 2006 AP 10 0061, 2007-Ohio-6274. In fact, claims of wrongful imprisonment based either upon "errors of law committed by judges" or "violation of constitutional rights," unaccompanied by a showing of innocence, were specifically rejected in the past. See *Johns v. State* (1981) 67 Ohio St.2d 325; *Tymcio v. State* (1977), 52 Ohio App.2d 298. The amendment thus represents a significant departure from the original intent of the General Assembly in creating a claim for wrongful imprisonment, which was to compensate only the innocent, not those who merely avoided criminal liability. *Walden v. State* (1989), 47 Ohio St.3d 47, 49-52.

{¶ 26} Concerning the potential constructions that may be afforded to "an error in procedure," it has been held that while statutes constituting a waiver of sovereign

immunity are to be strictly construed, any ambiguity within R.C. 2743.48 should be liberally construed in order to promote the remedial intent of the statute. *Wright v. State* (1990), 69 Ohio App.3d 775; see also R.C. 1.11. Under the most liberal of constructions, an error in procedure could include nearly any erroneous ruling by a court save for the ultimate determination of guilt. Another construction might speak in terms of either a statutory or rule violation. Alternatively, the term could be defined as an error in procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution. Under this latter construction, the term might also encompass violations of those amendments within the Bill of Rights that the Supreme Court of the United States has held to be binding on the states by incorporation into the Fourteenth Amendment.

{¶ 27} However, as stated earlier, under Ohio law there is little to guide the court in selecting one construction over another. Furthermore, of the statutes that have been enacted to redress wrongful imprisonment claims in approximately 27 other states, the District of Columbia, and the federal government, it appears that none of them define wrongful imprisonment in such language as appears in the 2003 amendment to R.C. 2743.48(A)(5). Instead, these other jurisdictions almost uniformly define wrongful imprisonment in terms consistent with actual innocence. It thus appears that the 2003 amendment to R.C. 2743.48(A)(5) represents a unique divergence from the customary nationwide definition of wrongful imprisonment.

**VAGUENESS DOCTRINE**

{¶ 28} Statutes are presumed to be effective and every reasonable interpretation must be indulged to give them effect. R.C. 1.47. Nonetheless, courts must be able to ascertain the meaning of statutes by applying the traditional tools of statutory construction. *Buckley v. Wilkins*, 105 Ohio St.3d 350, 2005-Ohio-2166, ¶19. Although statutes need not be written with scientific clarity, they must "set reasonably clear guidelines for * * * triers of fact in order to prevent arbitrary and discriminatory enforcement." *Smith v. Goguen* (1974), 415 U.S. 566, 572-573. If a statute is so vague that it simply fails to "convey an understandable standard capable of enforcement in the courts," it is considered void for vagueness. *City of Norwood v. Horney*, 110 Ohio St. 3d

353, 2006-Ohio-3799, ¶81.

{¶ 29} The void for vagueness doctrine is founded upon the Due Process Clause of the Fifth Amendment to the United States Constitution, which "demands that the state provide meaningful standards in its laws." Id. "Vague laws offend several important values," chiefly in their failure to notify citizens of prohibited conduct and to "provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned v. City of Rockford* (1972), 408 U.S. 104, 108-109.

{¶ 30} When inquiring whether a statute is void for vagueness, "the court must determine whether the enactment (1) provides sufficient notice of its proscriptions to facilitate compliance by persons of ordinary intelligence and (2) is specific enough to prevent official arbitrariness or discrimination in its enforcement." *City of Norwood*, supra, at ¶84, citing *Kolender v. Lawson* (1983), 461 U.S. 352, 357. In making such an inquiry, "courts are to apply varying levels of scrutiny" based upon the nature of the statute at issue such that statutes which threaten to inhibit the exercise of constitutionally protected rights are generally subject to greater scrutiny than those which impose civil penalties, regulate economic matters, or instruct courts on procedure. Id. at ¶84-85; see also *Hoffman Estates v. The Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 495.

{¶ 31} "A civil statute that is not concerned with the First Amendment is only unconstitutionally vague if it is 'so vague and indefinite as really to be no rule at all' or if it is 'substantially incomprehensible.'" *Chavez v. Housing Authority of El Paso* (C.A. 5, 1992), 973 F.2d 1245, 1249 quoting *United States v. Clinical Leasing Services, Inc.* (C.A. 5, 1991), 925 F.2d 120, 122 fn. 2. (Additional citations omitted.) No matter what level of scrutiny is applied to a statute, it is not void simply because it could be worded more precisely or with additional certainty. *State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals* (1992), 63 Ohio St.3d 354, 358.

{¶ 32} Inasmuch as R.C. 2743.48 is neither penal nor regulatory in nature, it is subject to light scrutiny. And, in view of its remedial nature, of the two factors under which statutes are evaluated for vagueness – actual notice to citizens and arbitrary

enforcement – only the latter is at issue. Arbitrary enforcement, however, is "the more important aspect" of the doctrine, requiring "that a legislature establish minimal guidelines" to govern those charged with carrying out statutory enactments. *Kolender*, supra, at 357-358. The imperative of legislative guidance is rooted in "the constitutionally mandated separation of powers, because vague laws pass much of the burden of 'legislating' from Congress to the judiciary." *Columbia Natural Resources, Inc. v. Tatum* (C.A. 6, 1995), 58 F.3d 1101, 1105.

{¶ 33} Upon review, the court finds that the 2003 amendment to R.C. 2743.48(A)(5) fails to set forth a reasonable standard under which claims of wrongful imprisonment based upon "an error in procedure" may be adjudicated. The amendment remains subject to numerous constructions even after applying the tools of statutory construction, and the absence of legislative intent fails to guide the court in selecting one construction over another. Furthermore, because the amendment represents a significant departure from Ohio's previously expressed policy toward wrongful imprisonment, its vagueness effectively delegates to the court the task of formulating such policy. It is well-settled, though, that matters of public policy are properly resolved in the General Assembly and not the courts. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, ¶14.

**CONCLUSION**

{¶ 34} From the outset of these proceedings, the court has questioned whether the General Assembly, in amending 2743.48(A)(5), intended to authorize the payment of wrongful imprisonment damages to a former inmate who actually committed the offense for which he was convicted but who escaped criminal liability due to "an error in procedure." The answer to this question is of particular interest to the court in this case given the fact that the Fifth District Court of Appeals referred to the reversal of plaintiff's conviction as both "distasteful" and "seemingly unjust."

{¶ 35} As set forth above, it is impossible for this or any other court to answer such a question with any acceptable degree of certainty given the vagueness of the term "an error in procedure." For the foregoing reasons, the court finds that the 2003 amendment to R.C. 2743.48(A)(5) is unconstitutionally vague. Furthermore, as a matter

of common sense and reason, any judicial declaration of wrongful imprisonment based upon "an error in procedure" must also be void. Likewise, defendant's admission that plaintiff is a wrongfully imprisoned individual is merely an acknowledgment that plaintiff was so declared. The admission does not cure the constitutional infirmity in the statute. Plaintiff's complaint shall be dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SETH NELSON

      Plaintiff

      v.

STATE OF OHIO

      Defendant
      Case No. 2008-09503-WI

Judge Joseph T. Clark

<u>ENTRY OF DISMISSAL</u>

      For the reasons set forth in the decision filed concurrently herewith, plaintiff's complaint is DISMISSED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK

Judge

cc:

Daniel R. Forsythe                          P. Steven Maasz
Peter E. DeMarco                            13303 Thunderhead Street
Assistant Attorneys General                 San Diego, California 92129
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

LP/cmd
Filed April 19,2 010
To S.C. reporter April 21, 2010