NELSON, Appellant,

v.

The STATE of Ohio, Appellee.

[Cite as Nelson v. State, 183 Ohio App.3d 83, 2009-Ohio-3231.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–1086.

Decided June 30, 2009.

P. Steven Maasz, for appellant.

Richard Cordray, Attorney General, and Peter E. DeMarco and Daniel R. Forsythe, Assistant Attorneys General, for appellee.

BRYANT, Judge.

{¶ 1} Plaintiff-appellant, Seth Nelson, appeals from a judgment of the Court of Claims of Ohio sua sponte dismissing plaintiff's R.C. 2743.48 claim for wrongful imprisonment. Because the Court of Claims erred in finding it lacked jurisdiction over plaintiff's case, we reverse.

## I. Procedural History

{¶ 2} On September 5, 2008, plaintiff filed a claim for wrongful imprisonment with the Court of Claims pursuant to R.C. 2743.48. According to the allegations in his complaint, plaintiff's imprisonment arose out of a racially charged incident on November 25, 1994. Plaintiff was one of three African–American males traveling with a Caucasian female when two white males in a pickup truck began to closely tailgate plaintiff's vehicle and to make racist comments. At a stoplight, plaintiff and his companions confronted the other men. The passenger in the truck was punched twice and then cut across his neck as he reached down for a beer bottle to use as a weapon.

{¶ 3} Because of the incident, plaintiff was indicted on December 22, 1994, on one count of attempted murder. Pursuant to a jury trial, he was found not guilty of attempted murder, but guilty of felonious assault. Plaintiff was sentenced to five to 15 years in prison.

{¶ 4} On August 6, 1996, in *State v. Nelson* (1996), 122 Ohio App.3d 309, 701 N.E.2d 747, plaintiff's conviction was reversed, the appellate court holding that the trial court erred in instructing the jury that felonious assault is a lesser included offense of attempted murder. The state appealed the decision, but the Ohio Supreme Court in *State v. Nelson* (1998), 82 Ohio St.3d 1207, 693 N.E.2d

804, dismissed the appeal as having been improvidently allowed. Incarcerated throughout the appeals process, plaintiff was imprisoned for this offense from November 24, 1994, through May 29, 1998.

{¶ 5} Plaintiff was reindicted on May 26, 1998, on two counts of felonious assault. At his arraignment, plaintiff pleaded not guilty and soon afterward filed a motion to dismiss the indictment on due process, speedy trial, and double jeopardy grounds. After the trial court denied plaintiff's motion, plaintiff timely requested in writing that the trial court issue written findings of fact setting forth its reasons for denying his motion to dismiss on speedy trial grounds. The trial court denied the request, and plaintiff eventually entered a plea of no contest to one count of felonious assault; the other count was dismissed. The trial court sentenced plaintiff to five to 15 years in prison.

{¶ 6} Plaintiff appealed, arguing that the trial court had erred in failing to dismiss the indictment on double jeopardy and speedy trial grounds. Although his double jeopardy claim was overruled, the appellate court remanded the case to the trial court to correct its error in failing to issue findings of fact and conclusions of law on its decision to deny plaintiff's speedy trial claim. *State v. Nelson* (Jan. 12, 2000), 5th Dist. No. 1999AP 02 0007, 2000 WL 94535. Upon remand, the trial court ordered both parties to submit proposed findings of fact and conclusions of law. The parties complied with the order, and the trial court adopted the prosecution's findings of fact and conclusions of law, once more ruling that a retrial did not violate plaintiff's speedy trial rights. Plaintiff again was sentenced to five to 15 years of incarceration.

{¶ 7} Plaintiff again appealed, and the appellate court reversed the trial court's decision, ruling that plaintiff's speedy trial rights were violated. *State v. Nelson* (Sept. 27, 2001), 5th Dist. No. 2001AP 02 0016, 2001 WL 1913811. Upon remand, the charge pending against plaintiff was dismissed on October 30, 2001.

{¶ 8} Plaintiff then began the process of recovering damages from the state based on a claim of wrongful imprisonment. He first filed suit in the Tuscarawas County Court of Common Pleas, seeking a preliminary factual determination of wrongful imprisonment pursuant to R.C. 2305.02. On August 15, 2008, that court granted plaintiff's motion for summary judgment, declaring plaintiff to be a wrongfully imprisoned individual under R.C. 2743.48(A)(1) through (5).

{¶ 9} In reaching its conclusion, the court examined every element of R.C. 2743.48(A)(1) through (5) and specifically found that plaintiff had satisfied each statutory requirement. With regard to R.C. 2743.48(A)(5), the court found that plaintiff "was released because of errors in procedure." The court did not determine whether plaintiff was innocent of the accusations against him.

{¶ 10} Having obtained a judgment that he was wrongfully imprisoned, plaintiff filed an action for damages against the state in the Court of Claims pursuant to R.C. 2743.48. The state filed an answer that admitted plaintiff had been wrongfully imprisoned and was entitled to damages. The Court of Claims, however, sua sponte dismissed plaintiff's case on November 19, 2008. The court interpreted R.C. 2305.02 to permit a common pleas court to make a finding of wrongful imprisonment only upon a determination that the offenses the individual was found guilty of either were not committed by him or were not committed by anyone. In the absence of such a determination, the Court of Claims determined that it could not exercise jurisdiction over plaintiff's claim.

## II. Assignments of Error

{¶ 11} Plaintiff appeals, assigning two errors:

1. The Court of Claims erred in holding that R.C. § 2305.02's grant of exclusive, original jurisdiction to the common pleas court to issue declaratory judgments pursuant to R.C. § 2743.48(a)(1–4) precludes it from issuing declaratory judgment pursuant to R.C. § 2743.48(a)(1–5), as amended.

2. The Court of Claims erred by violating R.C. 2743.48(e)(1), thereby invading the province of the common pleas court.

{¶ 12} Because plaintiff's assigned errors are interrelated, we address them jointly. Together they contend that the Court of Claims erred when it, in effect, set aside the Tuscarawas County Common Pleas Court's determination that plaintiff is a wrongfully imprisoned person. The issue the Court of Claims tangled with arises out of an amendment to R.C. 2743.48(A) and its relationship to R.C. 2305.02.

{¶ 13} Sub.S.B. No. 149, effective April 9, 2003, amended R.C. 2743.48(A) to expand the criteria under which a person may be considered "wrongfully imprisoned." The statute previously required a person seeking status as a wrongfully imprisoned individual to prove either that he or she did not commit the offense or that no other person committed it. To satisfy the requirement, a petitioner was required to affirmatively establish his or her innocence. *McDermott v. State*, 5th Dist. No. 2004–CA–00178, 2004-Ohio-5560, 2004 WL 2348520, ¶ 13, quoting *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 72, 701 N.E.2d 1002.

{¶ 14} Under the revised statute, a person can satisfy R.C. 2743.48(A) by showing either that "[s]ubsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release" or that a court of common pleas "determined * * * the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person." R.C. 2743.48(A)(5). The revised statute thus provides an alternative to the actual-innocence requirement:

the person seeking wrongful-imprisonment status need establish only that an error in procedure resulted in his or her release.

{¶ 15} Although the language of R.C. 2743.48 is clear, the issue on appeal arises because Sub.S.B. No. 149 did not revise R.C. 2305.02. As a result, the language in R.C. 2305.02, which formerly tracked R.C. 2743.48(A)'s requirements exactly, no longer does so. R.C. 2305.02 is directed only to individuals who satisfy R.C. 2743.48(A)(1) through (4) and seek a determination "that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person." It does not address the newly added procedural error prong in R.C. 2743.48(A)(5).

{¶ 16} This court held that the difference between R.C. 2743.48 and R.C. 2305.02 is resolved in the language of R.C. 2743.48(A)(5). *Griffith v. State*, 10th Dist. No. 08AP–964, 2009-Ohio-2854, 2009 WL 1682007. According to *Griffith*, R.C. 2743.48(A)(5), as amended, provides two avenues of redress for a person who believes that he or she was wrongfully imprisoned. If the individual seeks and obtains a determination of innocence from the common pleas court, the person then may file a certified copy of the judgment in the Court of Claims where that court is charged with the responsibility of determining the sum of money to which the individual is entitled. Alternatively, the person may seek a determination in the Court of Claims that the person was wrongfully imprisoned due to a procedural error.

{¶ 17} Here, the Court of Claims determined that because the judgment of the Tuscarawas County Common Pleas Court did not conclude that plaintiff met R.C. 2305.02's actual-innocence requirement, the Court of Claims lacked jurisdiction. Without question, had the Tuscarawas County Common Pleas Court determined plaintiff to be a wrongfully imprisoned individual under the actual-innocence prong, the Court of Claims would have no basis to reject that conclusion.

{¶ 18} More specifically, R.C. 2743.48(E)(1) provides that once a claimant files certified copies of (1) the judgment entry of the court of common pleas associated with the claimant's conviction and sentencing, and (2) the entry reflecting the common pleas court's determination that the claimant is a wrongfully imprisoned individual, "the claimant shall be irrebuttably presumed to be a wrongfully imprisoned individual." R.C. 2743.48(E)(1). "No other evidence shall be required of the complainant to establish that the claimant is a wrongfully imprisoned individual." Id.

{¶ 19} The difficulty here arises because the Tuscarawas County Common Pleas Court did not determine plaintiff to be a wrongfully imprisoned individual due to the actual-innocence standard, but due to procedural error. R.C. 2305.02 does not mention procedural error as a basis to determine an individual to be

wrongfully imprisoned; R.C. 2743.48(A)(5) does. The state, however, neither appealed the common pleas court's decision nor asserts that it is void.

{¶ 20} Even if the common pleas judgment is void, the Court of Claims has jurisdiction to adjudicate plaintiff's claim under *Griffith*, as the Court of Claims may determine whether an individual was wrongfully imprisoned due to procedural error. See R.C. 2743.48(A)(5). Here, the Court of Claims had nothing to determine, because the state, in its answer, admitted that the plaintiff is a wrongfully imprisoned person under R.C. 2743.48.

{¶ 21} In the final analysis, R.C. 2743.03(A)(1) provides the Court of Claims generally with jurisdiction over a wrongful-imprisonment action by creating the court and vesting it with exclusive jurisdiction over all claims against the state for monetary damages; R.C. 2743.48 specifically governs actions against the state for wrongful imprisonment and grants the Court of Claims exclusive jurisdiction over such actions. R.C. 2743.48(D). Pursuant to *Griffith*, the common pleas court may determine whether a person qualifies as a "wrongfully imprisoned individual" due to actual innocence; the Court of Claims may determine whether the person qualifies as wrongfully imprisoned due to procedural error. The Court of Claims thus had jurisdiction to determine plaintiff's claim, especially since the state has admitted that plaintiff is a wrongfully imprisoned individual. The Court of Claims erred when it dismissed plaintiff's complaint for lack of jurisdiction.

{¶ 22} Accordingly, plaintiff's assignments of error are sustained, the judgment of the Court of Claims is reversed, and this matter is remanded for further proceedings in accordance with this decision.

Judgment reversed
and cause remanded.

BROWN and SADLER, JJ., concur.