[Cite as *Holcomb v. State*, 2012-Ohio-5869.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| DANIEL HOLCOMB | | C.A. No. 26235 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STATE OF OHIO | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV2011-09-5140 |

DECISION AND JOURNAL ENTRY

Dated: December 12, 2012

BELFANCE, Judge.

{¶1} Plaintiff-Appellant Daniel Holcomb appeals from the dismissal of his complaint in the Summit County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2} On September 13, 2011, Mr. Holcomb filed a complaint in the Summit County Court of Common Pleas seeking a declaration that he was a wrongfully imprisoned person pursuant to R.C. 2743.48. In his complaint, Mr. Holcomb alleged the following: (1) that in January 2000, he entered a guilty plea to two counts of aggravated robbery and one count of aggravated burglary and he was subsequently sentenced to 13 years in prison; (2) that in 2006, Mr. Holcomb filed a motion to correct his sentencing entry and vacate his sentence which was denied by the trial court; (3) that in 2009, this Court reversed the trial court's decision and remanded for resentencing; (4) that in 2009, Mr. Holcomb moved to withdraw his plea, and his motion was denied by the trial court; (5) that Mr. Holcomb was resentenced; (6) that this Court

concluded that Mr. Holcomb should be allowed to withdraw his plea;[1] and (7) that in 2011, the State dismissed the indictment against Mr. Holcomb. Thus, Mr. Holcomb argued in his complaint that he was released from prison as result of an error in procedure.

{¶3} The State filed a motion to dismiss, arguing that Mr. Holcomb failed to assert that he did not commit the offense or no one committed the offense. Mr. Holcomb opposed the motion asserting that, because an error in procedure resulted in his release, he did not need to allege that he did not commit the crime and that, because his guilty plea was void, it could not be considered for purposes of R.C. 2743.48(A)(2). The State replied arguing that Mr. Holcomb had not been released due to an error in procedure. The trial court issued an entry concluding that Mr. Holcomb "patently does not satisfy the mandates of R.C. []2743.48(A)(2) * * * because he pleaded guilty to his particular charges. Accordingly, Mr. Holcomb's Complaint fails to state a claim upon which relief could be granted and the Complaint shall be dismissed."

{¶4} Mr. Holcomb has appealed, asserting a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT'S STRICT CONSTRUCTION OF REVISED CODE []2743.48 WAS ERRONEOUS AND THEREFORE THE DISMISSAL OF APPELLANT'S COMPLAINT WAS IN ERROR.

{¶5} Mr. Holcomb argues in his first assignment of error that the trial court erred in granting the State's motion to dismiss.

In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. The allegations of the complaint must be taken

---

[1] *See State v. Holcomb*, 9th Dist. No. 25165, 2010-Ohio-4656, ¶ 11 (applying *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, and vacating Mr. Holcomb's plea due to failure to advise of post release control during plea colloquy).

as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor. Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo.[2]

(Internal quotations and citation omitted.) *Warren v. Estate of Durham*, 9th Dist. No. 25624, 2011-Ohio-6416, ¶ 5.

{¶6} The Supreme Court of Ohio has held that

[a]ll wrongful-imprisonment claimants must follow a two-step process. In the first step, the claimant must bring an action in the court of common pleas to secure a determination that he or she is a wrongfully imprisoned individual entitled to compensation. In the second step, the claimant must file a civil action against the state, in the Court of Claims, to recover a sum of money.

*Gritffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, paragraph two of the syllabus. *See also Doss v. State,* Slip Opinion No. 2012-Ohio-5678, ¶ 10. Further, "[o]nly courts of common pleas have jurisdiction to determine whether a person has satisfied the five requirements of R.C. 2743.48(A)." *Id.* at paragraph one of the syllabus.

{¶7} When Mr. Holcomb filed his complaint, R.C. 2743.48(A) provided that:

a "wrongfully imprisoned individual" means an individual who satisfies each of the following:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

---

[2] While the State cited Civ.R. 12(B)(1) in its motion to dismiss, it appears the State's argument centers around Mr. Holcomb's alleged failure to state a claim. Moreover, it is clear that the trial court considered the motion under Civ.R. 12(B)(6). The trial court's characterization of the motion has not been challenged on appeal.

(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶8} Several other appellate districts have concluded that, because the statute is remedial in nature, it should be liberally construed. *See Johnson v. State*, 8th Dist. No. 98050, 2012-Ohio-3964, ¶ 20; *State v. Moore,* 165 Ohio App.3d 538, 2006-Ohio-114, ¶ 20, 23 (4th Dist.); *Wright v. State*, 69 Ohio App.3d 775, 780 (10th Dist.1990). While we do not disagree with this determination, we are also mindful of several rules concerning statutory interpretation.

It is well accepted that the cornerstone of statutory construction and interpretation is legislative intention. In order to determine legislative intent it is a cardinal rule of statutory construction that a court must first look to the language of the statute itself. If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. Moreover, it is well settled that to determine the intent of the General Assembly [i]t is the duty of this court to give effect to the words used [in a statute], not to delete words used or to insert words not used. A court may interpret a statute only where the words of the statute are ambiguous. Ambiguity exists if the language is susceptible of more than one reasonable interpretation. If a statute is ambiguous, the court, in determining the intent of the General Assembly, may consider several factors, including the object sought to be obtained, the legislative history, and other laws upon the same or similar subjects.

(Internal quotations and citations omitted.) (Alterations sic.) *State v. Jordan*, 88 Ohio St.3d 488, 491-492 (2000).

{¶9} The debate in the instant matter centers upon R.C. 2743.48(A)(2), which provides that "[t]he individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was

found guilty was an aggravated felony or felony." The trial court concluded that the statute should be strictly construed and that Mr. Holcomb could not satisfy R.C. 2743.48(A)(2) because he pleaded guilty to the charges. However, even if the trial court erred in "strictly" interpreting the statute, this Court must affirm its decision if the trial court nonetheless reached the correct result. *See* Civ.R. 61.

{¶10} There is no dispute that Mr. Holcomb pleaded guilty to the charges. There is also no dispute that the plea did not comply with Crim.R. 11, causing this Court, in a prior appeal, to conclude that Mr. Holcomb should be allowed to withdraw it. *Holcomb*, 2010-Ohio-4656, at ¶ 11. The dispute in this matter is whether R.C. 2743.48(A)(2) may be satisfied where a guilty plea is vacated.

{¶11} In examining the language of the statute, we note that it does not expressly exclude consideration of invalid guilty pleas. Notably some other states have taken the opportunity to include such language in their statutes. *See* Neb.Rev.St. 29-4603(4) (barring those from recovering who "suborn perjury, fabricate evidence, or otherwise make a false statement to cause or bring about such conviction or the conviction of another" but concluding that "a guilty plea, a confession, or an admission, coerced by law enforcement and later found to be false, does not constitute bringing about his or her own conviction of such crime or crimes[]"); Cal.Penal Code 4903 (requiring claimant to prove that the crime was not committed at all, was not committed by the claimant, or that the claimant "did not, by any act or omission on his or her part, intentionally contribute to the bringing about of his or her arrest or conviction for the crime[,]" but concluding that, "when determining whether the claimant intentionally contributed to the bringing about of his or her arrest or conviction, the factfinder shall not consider statements obtained from an involuntary false confession or involuntary plea[]");

Mass.Gen.Laws.Ann. 258D 1 (requiring that a claimant prove that "he [or she] did not plead guilty to the offense charged, or to any lesser included offense, unless such guilty plea was withdrawn, vacated or nullified by operation of law on a basis other than a claimed deficiency in the plea warnings required by section 29D of chapter 278[]"). Unlike the above examples, the Ohio General Assembly has not included any qualifying language in R.C. 2743.48(A)(2). Thus, it could be argued that any guilty plea and subsequent finding of guilt preclude the offender from satisfying R.C. 2743.48(A)(2).

{¶12} Nonetheless, Mr. Holcomb asserts that his plea is void and, thus, cannot be considered for purposes of compliance with R.C. 2743.48(A). Assuming his plea is actually void, his argument finds support in cases from the Fourth and Eighth appellate districts. *See, e.g., Johnson*, 2012-Ohio-3964, at ¶ 20; *Moore,* 165 Ohio App.3d 538, 2006-Ohio-114, at ¶ 20, 23. In fact the issue is currently before the Supreme Court of Ohio. *Dunbar v. State*, 132 Ohio St.3d 1461, 2012-Ohio-3054.

{¶13} We note that whether Mr. Holcomb's plea was actually void or voidable is unresolved. When discussing similarly problematic pleas in *Sarkozy,* the Supreme Court of Ohio never referred to the defective plea as void. The consequences of referring to a judgment as void have become quite clear over the past several years. "The effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." (Internal quotations and citations omitted.) *State v. Bedford*, 184 Ohio App.3d 588, 2009-Ohio-3972, ¶ 10 (9th Dist.). Some appellate courts have found it appropriate to consider only valid pleas when considering whether a claimant satisfies the statute. *See Johnson* at ¶ 20; *Moore* at ¶ 20, 23. Their approach is understandable given that applying the statute to bar those who entered

invalid guilty pleas from satisfying R.C. 2743.48(A)(2), such as those who were coerced into pleading, would seem fundamentally unfair.

{¶14} However, even assuming Mr. Holcomb's plea is void and, thus, a nullity, such a determination further complicates our analysis of the statute. What *Moore* and similar cases fail to consider is, if the plea is considered a nullity, it would likewise seem that the finding of guilt that flows from the guilty plea is also a nullity. *See id.* at ¶ 20, 23. Thus, applying the reasoning of *Moore,* if Mr. Holcomb's plea is void, Mr. Holcomb likewise could not establish that he was found guilty of the charges given that the finding of guilt would be rendered a nullity as well. R.C. 2743.48(A)(2). In such a situation, the parties are essentially returned to the same position they were in at the start of the case: the accused is presumed innocent of the charges until proven guilty and may exercise his right to require the State to meet its burden of proof at trial with respect to the charges. Accordingly, under the circumstances of this case, we conclude that Mr. Holcomb cannot qualify as a wrongfully imprisoned person under R.C. 2743.48(A). Thus, the trial court did not err in granting the State's motion to dismiss.

III.

{¶15} In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, P. J.
CONCURS.

DICKINSON, J.
DISSENTING.

{¶16} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St. 3d 525, 527 (1996). In *State v. Sarkozy*, 117 Ohio St. 3d 86, 2008-Ohio-509, the Ohio Supreme Court held that, if a trial court failed to tell a defendant that "postrelease control would be part of his sentence," the defendant's plea "could not have been knowingly and intelligently given[.]" *Id*. at 26. Two years ago, this Court, applying *Sarkozy*, vacated Mr. Holcomb's guilty plea because "the trial court did not mention post-release control prior to accepting [it]." *State v. Holcomb*, 9th Dist.

No. 25165, 2010-Ohio-4656, ¶ 11. We recognized that, because the court did not inform Mr. Holcomb about post-release control, his plea was not knowing and intelligent. *Id*. at ¶ 10-11

{¶17} The majority has suggested that "[t]here is no dispute that Mr. Holcomb pleaded guilty to the charges." It misunderstands, however, the consequence of our recognition that his plea was not knowingly and intelligently entered. According to the United States Supreme Court, "if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The effect of determining that a plea is void is that it must be treated as if it had never occurred. *See Romito v. Maxwell*, 10 Ohio St. 2d 266, 267-68 (1967) (explaining the effect of determining that a judgment is void). Thus, although Mr. Holcomb may have attempted to enter a guilty plea to aggravated robbery and aggravated burglary, he has never "plead[ed] guilty to" those offenses for purposes of Section 2743.48(A)(2). *Houston v. State*, 8th Dist. No. 98118, 2012-Ohio-4404, ¶ 38 ("Houston's guilty plea is a nullity and it does not prevent him from establishing his wrongful imprisonment claim under R.C. 2743.48(A)(2)."); *State v. Moore*, 165 Ohio App. 3d 538, 2006-Ohio-114, ¶ 24 (4th Dist.) ("Because a void guilty plea has no effect at law, it does not exist for purposes of determining whether a person qualifies to seek compensation pursuant to R.C. 2743.48.").

{¶18} The majority has reasoned that, if Mr. Holcomb's plea was a nullity, he cannot establish that he was "found guilty of" an offense, as required by Section 2743.48(A)(2). But, it does not follow that just because a plea is now void that a conviction based on that plea is a nullity. The Ohio Supreme Court has held that a void conviction "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, paragraph one of

the syllabus. This Court, however, has repeatedly concluded that the doctrine of res judicata bars a defendant from collaterally attacking a conviction that was entered based on a guilty plea even if the defendant contends that the plea was not knowing, intelligent, or voluntary. *E.g. State v. Gorospe*, 9th Dist. Nos. 25551, 25552, 2011-Ohio-3291, ¶ 5, 8-10; *State v. Rayl*, 9th Dist. No. 22496, 2005-Ohio-4263, ¶ 11; *State v. Hensley*, 9th Dist. No. 03CA008356, 2004-Ohio-2664, ¶ 9-10. If a conviction based on an invalid plea is void, res judicata would not bar such attacks. The majority's approach also fails to acknowledge that Mr. Holcomb was, in fact, incarcerated for a significant amount of time based upon the trial court's finding him guilty. It would be grossly inequitable to pretend that he has not been imprisoned after being "found guilty of" an offense under Section 2743.48(A)(2). *State v. Fleming*, 11th Dist. No. 96-P-0210, 1997 WL 269141, *8 n.4 (Apr. 25, 1997) ("If a person actually spends time in jail, which cannot be regained, it makes no difference from the viewpoint of the convict whether or not the sentence was authorized. Either way, he has, in fact, spent time in jail. Common sense requires us to reject the . . . argument that we pretend a de facto punishment never happened because of some technicality in the law of which the convict neither knows nor cares."). I, therefore, dissent.

APPEARANCES:

KIRK A. MIGDAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and LESLEY A. WALTER, Assistant Prosecuting Attorney, for Appellee.