[Cite as *Johnston v. State*, 2014-Ohio-1452.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Dale Johnston,                          :

      Plaintiff-Appellee,              :

                        No. 12AP-1022

v.                                      :          (C.P.C. No. 11CVH-12-15900)

State of Ohio,                          :          (REGULAR CALENDAR)

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on February 20, 2014

---

*The Owen Firm, LLC*, and *James Owen*, for appellee.

*Michael DeWine*, Attorney General, and *Debra Gorrell Wehrle*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, State of Ohio ("state"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Dale Johnston, as to his complaint seeking a declaration that he is a wrongfully imprisoned individual pursuant to R.C. 2743.48. For the reasons that follow, the judgment of the trial court is reversed.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Criminal Case

{¶ 2} The facts and procedural history underlying appellee's convictions are set forth in the opinion of the Supreme Court of Ohio in *State v. Johnston*, 39 Ohio St.3d 48 (1988), as follows:

Margaret Annette Johnston, and Todd Leroy Schultz, her fiancee, left the Schultz family home in Logan, Ohio. They did not return.

On October 14, 1982, two nude and decomposing human torsos were discovered in the Hocking River near the city's edge. Two days later, the arms, legs, and heads of Annette and Todd were found buried in a cornfield adjacent to the river.

The victims had been shot several times with a .22 caliber weapon and dismembered with a sharp instrument. Expert testimony established that the victims had been killed on or about October 4. Various kinds of circumstantial evidence linked Annette's stepfather, Dale N. Johnston, to the crime.

On September 29, 1983, an indictment was issued charging Dale N. Johnston, appellee herein, with two counts of aggravated murder in violation of R.C. 2903.01. The indictment contained death penalty specifications charging that the murders were a part of a course of conduct involving the purposeful killing of two or more persons, as provided in R.C. 2929.04(A)(2).

* * *

On August 6, 1986, the court of appeals unanimously reversed appellee's conviction and remanded the case for a new trial. In case No. 412 (Supreme Court No. 86-1547), the appellate court found that the trial court had erred in admitting the testimony of a witness who had been hypnotized and in issuing an opinion without findings and reasons for its conclusion at the sentencing phase. In case No. 425 (Supreme Court No. 86-1548), the appellate court held that evidence material to appellee's guilt or innocence had been improperly withheld by the state.

*Id.*

{¶ 3} The Supreme Court of Ohio agreed with the court of appeals and reversed appellee's convictions for the following reasons: (1) testimony supplied by a witness whose memory has been refreshed by hypnosis prior to trial is admissible only if the trial court determines that, under the totality of the circumstances, the proposed testimony is sufficiently reliable to merit admission; (2) the trial court abused its discretion in

permitting a witness to testify about his post-hypnosis recollection; and (3) the state's failure to disclose exculpatory evidence violated due process.  The case was remanded to the trial court with instructions.

{¶ 4}  Upon remand, the trial court suppressed certain statements made by appellee, ruled that the post-hypnosis testimony of another witness would not be admitted at trial, and excluded other physical evidence.  This court subsequently affirmed the trial court's rulings.  *See State v. Johnston*, 64 Ohio App.3d 238 (10th Dist.1990).  In May 1990, the state dismissed the indictment.

### B.  Civil Action

{¶ 5}  In December 1990, appellee filed a civil action against the state for wrongful imprisonment.  As it existed at the time appellee filed his action in 1990, R.C. 2743.48 provided, in relevant part, as follows:

> (A) As used in this section, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
>
> (1)  He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
>
> (2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.
>
> (3) He was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which he was found guilty.
>
> (4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person.

{¶ 6} In resolving appellee's civil action, the trial court issued an order on August 9, 1993 dismissing the action due to appellee's failure to produce sufficient evidence of his actual innocence as required by R.C. 2743.48(A)(5).

{¶ 7} Effective April 9, 2003, S.B. No. 149 amended R.C. 2743.48, thereby providing an alternative to the actual innocence standard of R.C. 2743.48(A)(5). Under R.C. 2743.48(A)(5) as amended, a claimant seeking a determination that he or she is a wrongfully imprisoned individual need establish either actual innocence or that an error in procedure resulted in his or her release.

{¶ 8} In 2008, appellee filed a second action alleging wrongful imprisonment pursuant to R.C. 2943.48(A)(5). In this action, appellee alleged both actual innocence *and* that an error in procedure resulted in his release. Appellee's claim of actual innocence in the 2008 complaint is based upon his assertion that "two other men have since confessed and been convicted" of the murders underlying this matter. (Amended Complaint, ¶ 55.)

{¶ 9} Appellee dismissed his complaint in 2010 by filing a notice of voluntary dismissal and then re-filed the complaint within one year thereof. Thereafter, the parties filed cross-motions for summary judgment. On October 25, 2012, the trial court denied the state's motion for summary judgment and, on October 31, 2012, the trial court granted appellee's motion for summary judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 10} The state timely appealed and assigns the following assignments of error:

[I.] The trial court committed reversible error by declaring the six (6) year statute of limitations for wrongful imprisonment cases, pursuant to Nelson v. State, 5th Dist. No. 2006 AP 10 0061, 2007-Ohio-6274, ¶21., did not apply to Appellee.

[II.] The trial court committed reversible error by determining that the 2003 Amendment to the Wrongful

Imprisonment statute of R.C. § 2743.48 retroactively applied to Appellee's 1983 criminal conviction.

[III.] The trial court committed reversible error by declaring Appellee was not barred by the doctrine of res judicata from re-litigating his actual innocence claim, previously passed upon by a court of competent jurisdiction in 1993.

[IV.] The trial court committed reversible error by declaring Appellee satisfied the fourth prong of the wrongful imprisonment statute, R.C. § 2743.48(A)(4).

[V.] The trial court committed reversible error by declaring Appellee satisfied the fifth prong of the wrongful imprisonment statute, R.C. § 2743.48(A)(5).

## III.  STANDARD OF REVIEW

{¶ 11} Appellate review of a summary judgment motion is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997).  "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."  *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).  We must affirm the trial court's judgment, if any, of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds.  *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 12} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor.  Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 13} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the

nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). A moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. *Id.* If the moving party meets this initial burden, then the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

## IV. LEGAL ANALYSIS

### A. Trial Court Ruling

{¶ 14} In order to be declared a wrongfully imprisoned individual, a claimant must satisfy, by a preponderance of the evidence, all five criteria set forth in R.C. 2743.48(A). *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163; *Gover v. State*, 67 Ohio St.3d 93, 95 (1993).

{¶ 15} As amended in 2003, R.C. 2743.48(A) provided, in relevant part, as follows:

> (A) As used in this section and section 2743.49 of the Revised Code, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
>
> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
>
> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.
>
> (3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.
>
> (4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon

> leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.
>
> (5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by a court of common pleas that the offense of which the individual was found guilty, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 16} In granting appellee's motion for summary judgment, the trial court made the following determinations: that the 1993 decision dismissing appellee's claim for wrongful imprisonment did not preclude appellee from seeking a declaration of wrongful imprisonment under the 2003 amendment to R.C. 2743.48(A)(5); that unproven and uncharged allegations of appellee's sexual misconduct with his stepdaughter "a few years before" her murder did not prevent appellee from satisfying the requirements of R.C. 2743.48(A)(4); that the 2003 amendment to R.C. 2743.48(A)(5) applies retroactively to appellee's wrongful imprisonment claim; that the six-year limitation period for commencing a wrongful imprisonment action did not bar appellee's recovery under the "error in procedure" standard; and that an error in procedure resulted in appellee's release from prison. *See* October 25 and 31, 2012 Trial Court Decisions.

## B. Second Assignment of Error

{¶ 17} Because it is dispositive, we address the state's second assignment of error first. In this assigned error, the state contends the trial court erred in determining the 2003 amendments to R.C. 2743.48 applied retroactively to appellee's alleged injury that occurred years prior to the amendments' enactment.

{¶ 18} In evaluating whether a statute applies prospectively or retroactively, courts in Ohio apply two rules. The first is the rule of statutory construction adopted in R.C. 1.48, which establishes a presumption that statutes are prospective in operation unless the legislature expressly declares the statute to be retroactive. *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, ¶ 7; *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100,

105 (1988).  A statute that is prospective in operation applies to and regulates conduct that occurs after its effective date.  *See Conkle v. Wolfe*, 131 Ohio App.3d 375, 383 (4th Dist.1998).

{¶ 19} The second rule, one of constitutional limitation, is contained in the Ohio Constitution, Article II, Section 28 and states, in relevant part, that "[t]he general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts."  A retroactive statute is one that " 'affect[s] acts or facts occurring, or rights accruing, before it came into force.' "  *Bielat v. Bielat*, 87 Ohio St.3d 350, 353 (2000), quoting Black's Law Dictionary (6th Ed.1990) 1317.  A statute is impermissibly retroactive in effect if either it takes away or impairs rights that vested or accrued before the statute came into force or it attaches a new disability in respect to past transactions or considerations.  *State ex rel. Matz v. Brown*, 37 Ohio St.3d 279, 281 (1988), citing *Soc. for the Propagation of the Gospel v. Wheeler*, 22 F.Cas. 756, 767 (C.C.D.N.H.1814).

{¶ 20} In reviewing legislative enactments and interpreting statutory authority, our review is de novo.  *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 8.  Because R.C. 1.48 establishes a threshold analysis which must be utilized prior to an inquiry under the Ohio Constitution, Article II, Section 28, we first must determine whether R.C. 2743.48(A)(5) is expressly made retroactive.  *Van Fossen* at paragraph one of the syllabus; *Hyle* at ¶ 8; *Consilio* at ¶ 10.  In making our determination, we must not infer retroactivity; rather, R.C. 2743.48(A)(5) must "clearly proclaim" its own retroactivity to overcome the presumption that it applies prospectively.  *See Consilio* at paragraph one of the syllabus.  If retroactivity of R.C. 2743.48(A)(5) is not expressly proclaimed, the statute applies prospectively and we do not reach the constitutional question.  *Id.* at ¶ 10; *Hyle* at ¶ 9, 24, citing *Van Fossen* at 106.

{¶ 21} The state contends R.C. 2743.48(A)(5) does not contain an indication that the General Assembly intended it to apply retroactively to claims that accrued prior to April 9, 2003, the effective date of the statute's amendments.  In contrast, appellee argues the 2003 amendments create a new cause of action available to any qualified individual who has not recovered under prior law.  In support of his position, appellee points to the language of R.C. 2743.48(A)(1) as an expression of such retroactivity.  As enacted in 1989, R.C. 2743.48(A) states:

> As used in this section, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
>
> (1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

(Emphasis added.)

{¶ 22} By the use of the phrase "prior to, or on or after" in subsection (A)(1), the General Assembly indicated that the first requirement of R.C. 2743.48(A) is met by any individual who has been charged with a felony or aggravated felony under Ohio law. However, the application of the phrase "prior to, or on or after" is clearly limited to R.C. 2743.48(A)(1). Therefore, we conclude this does not constitute a general statement of retroactivity.

{¶ 23} Appellee next contends that, as enacted in 1989, R.C. 2743.48(H) contains a statement of retroactivity. Said section provides:

> To be eligible to recover a sum of money as described in this section because of his wrongful imprisonment, a wrongfully imprisoned individual shall not have been, prior to September 24, 1986, the subject of an act of the general assembly that authorized an award of compensation for his wrongful imprisonment or have been the subject of an action before the former sundry claims board that resulted in an award of compensation for his wrongful imprisonment.

{¶ 24} This section provides that to be eligible to recover under the wrongful imprisonment statute, an individual must have been wrongfully imprisoned and (1) not been the subject of an act authorizing compensation for wrongful imprisonment prior to September 24, 1986, *or* (2) not been the subject of an action that resulted in an award of compensation. Persons the subject of an act authorizing compensation for wrongful imprisonment prior to September 24, 1986, would be those persons who had been wrongfully imprisoned at that time. Contrary to constituting a clear proclamation of retroactive application, subsection (H), albeit in a less than concise manner, actually excludes persons wrongfully imprisoned and covered by an act authorizing compensation for wrongful imprisonment prior to September 24, 1986.

{¶ 25} Even if the language of R.C. 2743.48 is said to be ambiguous regarding its prospective or retrospective application, "ambiguous language is not sufficient to overcome the presumption of prospective application." *Hyle* at ¶ 13. A mere suggestion of retroactivity is not sufficient to establish that a statute applies retroactively. *Id.*

{¶ 26} The dissent disagrees with our interpretation of the language set forth in R.C. 2743.48(H), and in the dissent's view, said provision provides a clear proclamation of retroactivity. As support, the dissent cites to this court's decision in *Nelson v. State*, 183 Ohio App.3d 83, 2009-Ohio-3231 (10th Dist.), which concerned the jurisdiction of the court of claims to adjudicate a former inmate's wrongful imprisonment claim in a circumstance in which the state admitted the former inmate was a wrongfully imprisoned individual. Though recognizing that *Nelson* did not "specifically address the issue of retroactivity," the dissent views *Nelson* as impliedly authorizing retroactive application of the "error in procedure" standard to claims that accrued prior to April 9, 2003. (Dissent, ¶ 37.) We disagree that *Nelson* impliedly stands for such proposition and note, " '[a] reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication.' " *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 11, quoting *State ex rel. Gordon v. Rhodes*, 158 Ohio St. 129 (1952), paragraph one of the syllabus.

{¶ 27} Additionally, the uncodified language of S.B. No. 149 supports our conclusion that the 2003 amendments to R.C. 2743.48 were not intended to apply retroactively. In Section 3 of S.B. No. 149, the General Assembly noted "Section[] * * * 2743.48 * * * of the Revised Code, as amended or enacted by this act, apply to civil actions for wrongful imprisonment in the Court of Claims commenced on or after the effective date of this act, or commenced prior to and pending on the effective date of this act." This language indicates the 2003 amendments to R.C. 2743.48 are applicable to actions commenced in the Court of Claims after April 9, 2003 or are still pending in the Court of Claims on April 9, 2003.

{¶ 28} After review of this matter, we conclude R.C. 2743.48(A)(5) does not contain any clear or express language indicating the General Assembly intended it to be retroactive in application. As previously stated, the General Assembly's failure to include

such language means the statute can be applied prospectively only. *Hope Academy Broadway Campus v. State Dept. of Edn.,* 10th Dist. No 07AP-758, 2008-Ohio-4694, ¶ 14. Our conclusion that the 2003 amendments to R.C. 2743.48 were not expressly made retroactive precludes us from addressing the constitutional prohibition against retroactivity. *Hyle* at ¶ 24.

{¶ 29} In conclusion, we find the 2003 amendments to R.C. 2743.48 do not apply retroactively to appellee's alleged injury that occurred prior to the amendments' effective date. Accordingly, we sustain the state's second assignment of error.

### C. Remaining Assignments of Error

{¶ 30} Our disposition of the state's second assignment of error renders the remaining assignments of error moot.

### D. Appellee's Motions

{¶ 31} Appellee filed motions on March 13 and April 19, 2003 seeking to strike portions of the state's merit brief, appendix, and reply brief for including exhibits and reference to materials not contained within the record before the trial court. Our disposition of the state's second assignment of error renders these motions moot.

## V. CONCLUSION

{¶ 32} For the foregoing reasons, appellant's second assignment of error is sustained and the remaining assignments of error are rendered moot. Accordingly, the judgment of the Franklin County Court of Common Pleas is hereby reversed, and this matter is remanded to that court for further proceedings consistent with law and this decision.

*Motions rendered moot;*
*judgment reversed and cause remanded.*

McCORMAC, J., concurs.
CONNOR, J., dissents.

McCORMAC, J., retired, formerly of the Tenth Appellate
District, assigned to active duty under the Ohio Constitution,
Article IV, Section 6(C).

CONNOR, J., dissenting.

{¶ 33} Because I believe that the General Assembly intended that the new "error in procedure" to have a retroactive application, I respectfully dissent.

{¶ 34} The majority correctly points out that in order to overcome the constitutional presumption of prospective application, the General Assembly must clearly proclaim its intention that a statute apply retroactively. However, I disagree with the conclusion of the majority that R.C. 2743.48 contains no such proclamation. Indeed, R.C. 2743.48(H), as enacted in 1986, includes a general statement of retroactivity which reads as follows:

> To be eligible to recover a sum of money as described in this section because of his wrongful imprisonment, a wrongfully imprisoned individual shall not have been, prior to the effective date of this section the subject of an act of the general assembly that authorized an award of compensation for his wrongful imprisonment or have been the subject of an action before the former sundry claims board that resulted in an award of compensation for his wrongful imprisonment.

{¶ 35} "Prior to 1986, a person who had been wrongfully imprisoned in Ohio could receive compensation for that wrongful imprisonment only if the General Assembly enacted a law specifically providing for payment of compensation to that named individual, i.e., enactment of 'ad hoc moral claims legislation.' " *Hill v. State*, 10th Dist. No. 12AP-635, 2013-Ohio-1968, ¶ 10, quoting *Walden v. State*, 47 Ohio St.3d 47, 49 (1989). In my opinion, R.C. 2743.48(H) is a clear proclamation by the General Assembly that the wrongful imprisonment statute applies to a qualifying individual released from prison prior to the effective date of enactment. The only limitation upon retroactive application being that the individual has not previously received compensation under another provision of law.[1] There is no contention that the General Assembly previously enacted a law specifically providing for payment of compensation to appellant for his wrongful imprisonment. I disagree with the assertion in the majority opinion any person wrongfully imprisoned prior to September 24, 1986, is "the subject of an act authorizing compensation for wrongful imprisonment." (Majority opinion, ¶ 24.)

---

[1] Appellee concedes that a six-year statute of limitations also applies.

{¶ 36} When the General Assembly added the "error in procedure" standard to R.C. 2743.48(A)(5) in 2003, the General Assembly did not change the operative language in R.C. 2743.48(H). This being the case, the general statement of retroactivity applies to the "error in procedure" standard. *See* R.C. 1.58(A)(1) ("The reenactment, amendment or repeal of a statute does not affect * * * the prior operation of the statute."). As there is no claim that appellant previously received compensation for wrongful imprisonment either through an act of the General Assembly or a judgment of the former sundry claims board, appellant is "eligible to recover a sum of money as described in this section because of the wrongful imprisonment." In other words, if appellant presents evidence satisfying the requirements of R.C. 2743.48(A)(1)-(5), he is entitled to a declaration that he is a wrongfully imprisoned individual.

{¶ 37} Indeed, in *Nelson v. State*, 183 Ohio App.3d 83, 2009-Ohio-3231 (10th Dist.), we held that an individual who was released from prison in 2001 could recover damages for wrongful imprisonment in the Court of Claims upon proof that his conviction was the result of "an error in procedure." *Id.* at ¶ 21. Although we did not specifically address the issue of retroactivity in *Nelson*, our opinion impliedly authorizes the retroactive application of the "error in procedure" standard to a claim that accrued prior to April 9, 2003.

{¶ 38} The majority reasons that certain uncodified provisions of S.B. No. 149, Section 3, require prospective application of the "error in procedure" standard. However, the provisions cited by the majority speak to the applicability of the new compensation formula in actions that have been or will be "commenced" in the Court of Claims. Those provisions do not address to the application of the new "error in procedure" standard in actions commenced in the court of common pleas. *See* R.C. 2305.02. Thus, the general statement of retroactivity in R.C. 2743.48(H) controls.

{¶ 39} Having determined that the new "error in procedure" standard is retroactive in application, I would find that the 2003 amendment represents a remedial change to the existing law. *See Johnson v. State,* 8th Dist. No. 98050, 2012-Ohio-3964, ¶ 20; *State v. Moore,* 165 Ohio App.3d 538, 2006-Ohio-114, ¶ 20, 23 (4th Dist.); *Holcomb v. State*, 9th Dist. No. 26235, 2012-Ohio-5869, ¶ 8; *Houston v. State,* 8th Dist. No. 98118, 2012-Ohio-

4404, ¶ 33.  Thus, the amendment is permissibly retroactive in application.  *State v. Cook,* 83 Ohio St.3d 404, 411 (1998).

{¶ 40}  In short, I would find that the trial court did not err when it determined that the 2003 amendment applied retroactively to qualifying individuals who were released from prison prior to the effective date of the amendment.  Accordingly, I would overrule the State's second assignment of error and proceed to a determination of the merits of appellant's remaining assignments of error.

_____